HERMAN KRAMER *vs*. SARGENT AND COMPANY (SAR-
GENT AND COMPANY'S APPEAL FROM COMPENSATION
COMMISSIONER).

Third Judicial District, New Haven, June Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The specific indemnity provided by § 12 of our Workmen's Com-
pensation Act (Rev. 1918, § 5352) for the loss of an employee's
finger or one or more of its phalanges, is exclusive of any other
or further compensation for incapacity following and consequent
upon such loss.

Argued June 6th—decided July 23d, 1918.

Kramer *v.* Sargent & Co.

APPEAL by the defendant from a finding and award
of the Compensation Commissioner of the third dis-
trict in favor of the plaintiff, taken to and reserved by
the Superior Court in New Haven County, *Gager, J.*,
for the advice of this court. *Judgment advised in favor
of the defendant.*

*Frederick H. Wiggin*, for the defendant.

No counsel appeared for the plaintiff.

WHEELER, J.   The plaintiff, on December 4th, 1917,
suffered an injury to the terminal phalanx of the index
finger of his left hand, which resulted on the same day
in the loss of this phalanx by amputation, and in a
total incapacity for all labor from the date of injury to
the date of hearing, February 8th, 1918, which total
incapacity will continue for a period of undetermined
extent.   The plaintiff claimed one award for the loss
of the phalanx, and another award for the total in-
capacity resulting from such loss.

The parties made a voluntary agreement, duly ap-
proved by the Commissioner, for the payment of the
medical, surgical and hospital expenses, and for the
loss of the phalanx, and left open for future determina-
tion any question as to total incapacity on account of
this injury.

The Commissioner confirmed the voluntary agree-
ment, and also made an award for the total incapacity
on account of this injury.   The claimed errors of the
Commissioner are summed up by the defendant in
one sentence:   "The Commissioner erred in ruling,
finding and deciding that compensation for the loss of
the phalanx was not exclusive of compensation for
total incapacity which occurred after said loss and
grew out of the injury to the phalanx."

In *Franko* v. *Schollhorn Co.*, *ante*, p. 13, there was a total incapacity preceding the loss of the phalanges, and resulting from an injury, and this continued during the period of the attempt to cure the injury to the finger. In *Olmstead* v. *Lamphier*, *ante*, p. 20, the loss of the leg and the total incapacity resulting from the injury to the shoulder were independent injuries arising out of the one accident. In this case there is one injury and the incapacity follows immediately the loss of the phalanx and results from it.

We reached the conclusion in *Franko* v. *Schollhorn Co.*, *ante*, p. 13, that under out Act there may a total incapacity and a partial incapacity growing out of the same injury, for each of which compensation may be awarded. But such an award is not, as we think, contemplated by our Act in the case of a loss of a member.

All of the specified injuries in § 12 (Rev. 1918, § 5352) for which a specially named award is made, will ordinarily involve a period of incapacity of varying duration; and this is the reason the rate of the award in these cases is made the same as in the cases of total incapacity under § 11 (Rev. 1918, § 5351). The award was made larger because of the extent of the injury. In § 12 (Rev. 1918, § 5352), the rate of compensation for cases of partial incapacity resulting from injuries not specifically described, is "half the difference between his average weekly earnings before the injury and the amount he is able to earn thereafter"; while in the cases of partial incapacity resulting from injuries specifically described, the rate of compensation is half of the average weekly earnings of the injured employee. This increased scale of compensation was no doubt intended to cover the loss of the member and the handicap of the future through this loss, but it was also intended to cover all of the injuries resulting from the loss of the member. This compensation is made "in lieu of

all other payments," that is, it is exclusive of all other payments for this particular injury, which is the loss of the member. This language is used in its ordinary significance. This is made clear by the amendment of § 12 in 1917 (Rev. 1918, § 5352), which permits the Commissioner to award a sum proportionate to the amount set forth for total loss, in lieu of all other compensation; thus carrying out the idea of the same language found in the section before amendment.

The schedules of rates in the cases of the specified injuries described in § 12 (Rev. 1918, § 5352), are based upon a system of compensation graded to the injury. The employee knows definitely what compensation follows each described injury, and the employer knows the measure of his liability; and this appears to have been precisely the legislative intent.

Judgment advised sustaining the appeal.

In this opinion the other judges concurred.