WALTER S. BOWNE, JR. vs. STAMFORD ROLLING MILLS
COMPANY.

Third Judicial District, New Haven, June Term, 1920.

PRENTICE, C. J., BEACH, GAGER, CASE and CURTIS, Js.

The aim of our Workmen's Compensation Act is to accomplish full
    justice to all parties interested, in so far as that is reasonably
    possible, and with that end in view its informal machinery and
    flexible procedure has been arranged.  Hence an award of compen-
    sation does not have those fixed and final qualities which charac-
    terize judgments in civil actions, but is subject to modification to
    meet new and changing conditions as they arise.
The plaintiff, an employee who lost the four outer toes and one half of
    the great toe of his left foot in an accident, was awarded the com-
    pensation fixed by statute therefor (§ 5352), and "further compen-
    sation for a period not to exceed one hundred and thirty weeks,"
    which was the statutory provision "for the loss of one foot at or
    above the ankle"; and payments were made by the defendant ac-
    cordingly.  It did not appear that the plaintiff had suffered any
    other injury than the loss of his toes at the time this award was
    made, nor did it appear upon what ground or theory the "further
    compensation" was awarded.  About a year and a half later the
    left foot was amputated, and thereafter the commissioner gave a
    supplemental hearing and awarded compensation for the plaintiff's
    incapacity following this operation.  Upon a reservation by the
    Superior Court, to which the case came by the defendant's appeal,
    it was held:—
1. That no appeal having been seasonably taken from the original
    award (§ 5366), it could not now be directly challenged or set aside;
    but that its terms might be taken into consideration upon the
    supplemental hearing, in which an additional amount was sought,
    for the purpose of determining whether or not existing circum-
    stances and conditions called for such modification in right and
    justice, and if so, to what extent.
2. That if the "further compensation" in the original award was given
    for disability consequent upon the loss of the plaintiff's toes, it was
    improperly allowed, since the statutory compensation first awarded
    for that loss was exclusive of anything additional (§ 5352); and if,
    on the other hand, it was made with prophetic vision of the subse-
    quent loss of the foot, there was no occasion upon the supplemental
    hearing to allow it again, after that loss had in fact occurred; for in
    either event the plaintiff, prior to the supplemental hearing, had

received the full compensation permitted by law for the loss of his foot, in addition to an award for the full permissible compensation for the earlier loss of his toes.

3. That the compensation first given for what, apparently, was the anticipated loss of the foot, included in it compensation for the incapacity following and consequent upon that loss, and therefore rendered any supplementary or additional award for such incapacity erroneous.

Argued June 8th—decided July 20th, 1920.

APPEAL from a supplemental finding and additional award of the Compensation Commissioner for the fourth district, in favor of the plaintiff, taken to and reserved by the Superior Court in Fairfield County, *Curtis, J.*, upon the court's own motion, for the advice of this court. *Superior Court advised to vacate the supplemental award.*

The supplemental finding and award, which together with the appeal therefrom comprise the record before us, recites the following facts:—

The plaintiff was injured September 12th, 1916, suffering thereby the loss of four outer toes and one half the great toe of his left foot. On February 13th, 1917, an award for that injury was made entitling the plaintiff to receive, in the language of the award, "compensation at the rate of $8.40 per week for a period of seventy-one weeks for the loss of four outer toes and one half the great toe, and payment of further compensation for disability commencing on September 23d, 1916, for a period not to exceed one hundred and thirty weeks, the number of weeks allowed for the loss of one foot at or above the ankle." Satisfaction of this award to the extent of one hundred and thirty weeks was made before the events hereafter recited took place.

On August 21st, 1918, an informal hearing was held before the commissioner in regard to the amputation of the injured foot, and it was at that time agreed that the

operation should be performed. On August 26th, 1918, the foot was amputated at the ankle, and thereafter the respondent furnished the plaintiff an artificial foot. Following his discharge from the hospital where the operation was performed, he was incapacitated for a period of approximately six months.

The commissioner, upon a reopening of this award and a supplemental hearing, held that the incapacity following the amputation was compensable and that the plaintiff was entitled to compensation in addition to the one hundred and thirty weeks already paid, "being the number of weeks allowed under the Act for the loss of the foot," and made award accordingly. From this award the appeal was taken.

*Wilson H. Pierce*, for the defendants.

No counsel appeared for the plaintiff.

PRENTICE, C. J. The defendants, while in form appealing from the supplemental modifying order of award of April 20th, 1920, seek a review of the original award made February 13th, 1917. To this review, for the direct purpose of having the terms of the original award set aside, they are not entitled at this distance of time subsequent to its having been made. General Statutes, § 5366. It does not follow, however, that the terms of the first award may not be and ought not to be taken into consideration when a hearing is being had and a determination made upon a reopening of the matter to determine whether or not changed conditions do not call for a modification of the award already made, in order that full and exact justice under the law may be done. The aim of our remedial workmen's compensation legislation is to accomplish that result in so far as is reasonably possible, and its informal machinery

and procedure is arranged with that end in view. Hence the fixed and final quality which characterizes judgments in civil actions is not attached to awards of compensation, and the power of modification to meet new conditions as they arise is expressly conferred upon the compensation officials. General Statutes, § 5355; *Saddlemire* v. *American Bridge Co.*, 94 Conn. 618, 110 Atl. 63. Therefore it is, that upon every application where a modification of an award by an increase of its amount or an additional one is sought, regard must be had to its terms to determine whether or not the existing circumstances and conditions call for such modification in justice and right, and if so, to what extent.

It is by no means easy to understand the exact meaning and purport of the award of February, 1917, and the reasons which prompted it. The plaintiff had then suffered the loss of four toes and one half of the great toe of his left foot, and as far as appears no other injury separately compensable. His foot minus the toes remained with him and continued to for seventeen months. Notwithstanding these facts he was awarded compensation at the rate of $8.40 per week, being one half of the average amount of his weekly wages prior to receipt of his injury, for seventy-one weeks, in strict accord with the specific provision of statute in such case (General Statutes, § 5352), and, in addition, a further compensation at the same rate for not to exceed one hundred and thirty weeks, stated in the award to be the number of weeks allowed for the loss of one foot at or above the ankle. In fact the statutory period prescribed for the payment of the weekly payment compensation in the case of the loss of one foot at or above the ankle is one hundred and thirty weeks, neither more nor less. The language of the award, which states that the one hundred and thirty-week additional award was made for disability, the fact that it was made for a

maximum and not a definite term of one hundred and thirty weeks, and the reference in it to its period as being that of the number of weeks allowed for the loss of one foot at or above the ankle, import into it elements of uncertainty as to its meaning and purport. But that matter is perhaps one of no great present importance.

Certain it is that an award was made for a substantial sum in excess of that prescribed by statute for the compensable injuries the plaintiff had then suffered, and that the excess thus awarded, as subsequently fully paid, strictly conformed to that prescribed for the loss of a foot at the ankle such as this plaintiff later suffered. If that extra compensation was awarded for disability attendant upon the loss of the toes, it was improperly awarded, since the seventy-one weeks' compensation fixed by the statute and awarded was exclusive. It is by statute prescribed in lieu of all other compensation for the consequences of that particular loss. General Statutes, § 5352; *Kramer* v. *Sargent & Co.*, 93 Conn. 26, 104 Atl. 490. If, on the other hand, it was made with prophetic vision that the foot would be lost at some time in the future, it would appear and must have appeared to the commissioner upon the supplemental hearing, who was aware that the one hundred and thirty-week award had been fully satisfied, that the plaintiff had received the full compensation permitted by law for the loss of his foot, in addition to an award of the full permissible compensation for the prior loss of his toes.

In either event the commissioner, in examining the award he was being asked to modify, would have seen that the plaintiff, who was seeking additional compensation subsequent to the amputation of his foot, had already had, although perhaps erroneously, an award or awards for as large a sum or sums as the statutes permitted, and that he was not, in justice or right,

entitled to further compensation. Furthermore, additional award was made, as the commissioner expressly states, for incapacity following the amputation. Compensation for that incapacity following, as it did, the loss of the foot and by reason of that loss, is included in that given for the loss of the member and is not separable from it. *Kramer* v. *Sargent & Co.*, 93 Conn. 26, 104 Atl. 490.

The Superior Court is advised to vacate the supplemental award of the commissioner.

In this opinion the other judges concurred.