Tolli *v.* Connecticut Quarries Co.

---

DONATA TOLLI ET AL. *vs.* THE CONNECTICUT QUARRIES COMPANY ET AL.

First Judicial District, Hartford, May Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, Js.

The requirement of Chapter 306 of the Public Acts of 1921, that a notice of claim for compensation must be made within one year after the date of the injury, does not apply to claims of "other dependents" of a deceased employee who become entitled, upon the remarriage of his widow, to the unpaid balance of any award made in her favor, since the original hearing, held at the time of the widow's award, operates to bring such subsequent claims within the exception contained in the same statute, viz., that no notice of claim is necessary where there has been a hearing within one year from the date

Tolli *v.* Connecticut Quarries Co.

of the injury. To hold otherwise would restrict unnecessarily the plain meaning of "hearing" as used in the statute and would compel all those having a possible future interest in the award, however contingent or remote, to file notices of claims within the year—a requirement too unreasonable to be inferred when not expressed.

The power of a Compensation Commissioner to open an award at any time during its duration can only be exercised when invoked by a party legally entitled to claim such relief.

Argued May 7th—decided June 2d, 1924.

APPEAL by the plaintiffs from the denial and dismissal of their claim for compensation by the Compensation Commissioner of the first district, taken to and reserved by the Superior Court in Hartford County (*Hinman, J.*) of its own motion, for the advice of this court. *Superior Court advised to sustain the appeal.*

The decedent, Bartolomeo Tolli, while employed by the Connecticut Quarries Company, one of the respondents, in the course of his employment received a fatal injury on December 2d, 1920, and after a hearing, on January 25th, 1921, an award was made by the compensation commissioner for payment to his widow, Giovannina Tolli, the sum of $17.97½ per week for not longer than three hundred and twelve weeks from December 3d, 1920. The widow remarried November 8th, 1922, but payments to her were continued by the respondents until June 23d, 1923, when they ceased on account of her remarriage. The decedent left no children. In July, 1923, the parents of the decedent, the present claimants, served written notice of claim as parents upon the respondents for compensation on account of the death of the deceased. The latter at the time of his injury, was in the habit of contributing to the support of his parents in cash and clothing to the amount of $30 per month. So long as the widow received payments of compensation she contributed to the support of the parents $30 per month, but when she

ceased receiving compensation her contributions were discontinued. The parents were partially dependent upon these contributions for their maintenance, to the extent of $6.92 per week. The parents failed to serve upon the respondents prior to July, 1923, any written notice of claim for compensation for the death of their son.

The claims of the parties and the rulings of the commissioner thereon, as stated in his finding and award, are as follows: "The claimants claim, first, that their rights to compensation have not expired, and, second, that they were wholly or partially dependent upon the deceased and ask for an order directing that after the aforesaid date of June 23, 1923, compensation be paid to them in such weekly amounts as the Commissioner may order.

"The respondents ask for the dismissal of the claim on the ground of, first, 'unproven dependency' and, second, lack of jurisdiction on the part of the Commissioner on the ground that the claim of the parents had outlawed because of lack of service upon the respondents by said parents of written notice of said claim. The respondents also denied the right of the commissioner to reopen the claim on the ground that his authority so to do ended with the life of the award, which in turn ended with the remarriage of the widow.

"The first claim of the claimants as set out [above] . . . is overruled and their second claim of fact . . . made is sustained. The first and third claims of the respondents as set out [above] . . . are overruled and their second claim is sustained.

"*Held* that the aforesaid hearing did not preserve the rights of action of the parents in this claim but that said rights have lapsed because of their failure to serve written notice of claim as aforesaid."

The commissioner filed and annexed to his finding a

memorandum, of which the concluding paragraph is as follows: "I am compelled to deny the claim of the claimants from lack of jurisdiction, and I have also adversely ruled on the respondents' contention that the right to reopen terminated with the life of the award, because, if it should finally be held that the rights of the parents have not lapsed, then the life of the award will not have ended."

The claimants appealed from the finding and award of the commissioner. The first reason is general, the remaining three are as follows:

"2. The Commissioner erred in holding that he had no jurisdiction to award the claimants compensation because the claim of the parents had outlawed, because of lack of service upon the respondents by said parents of written notice of said claim within two (2) years of the time of the injury.

"3. The Commissioner erred in holding that the award of January 27th, 1921, made to Giovannina Tolli against The Connecticut Quarries Company, did not preserve the rights of the present claimants (parents of the deceased), but that said rights have lapsed because of their failure to serve written notice of their claim as aforesaid.

"4. The Commissioner erred in holding that the injury became compensable to these claimants on December 3d, 1920, and not on November 8th, 1922, when the widow, Giovannina Tolli, remarried."

The Superior Court, upon its own motion, acting upon the provisions of the Public Acts of 1919, Chapter 142, § 16, reserved the case for the advice of this court.

*Frank Covello*, with whom, on the brief, was *Francis A. Pallotti*, for the plaintiffs.

*John C. Blackall*, with whom, on the brief, was *Edward W. Broder*, for the defendants.

KEELER, J.   Upon the foregoing reasons of appeal
the claimants contend in the first place, upon the au-
thority of *Thompson* v. *Towle*, 98 Conn. 738, 120 Atl. 503,
that after an award and during the whole compensa-
tion period applicable to any injury, the commissioner
has the same power over an award, as a court has over
its judgment rendered at the same term, and hence
that the commissioner might legally open his award at
any time within three hundred and twelve weeks from
the date of its rendition.   The holding of the case
cited accords with the claim above made, but the right
of the commissioner during the life of the award, and .
also of a court during the term at which any judgment
is rendered, is dependent upon the action being invoked
by someone who has a right to claim the desired action
—a right to be in court—so that this claim is merely a
corollary to the question of jurisdiction to be hereafter
considered, and will be settled by the view taken of that
problem.

In the second place, claimants contend that since the
decedent left a widow totally dependent upon him for
support, they had no claim upon the respondents until
she died or remarried, and that, therefore, if the statute
limiting a two year term within which written notice
of claim must be given did not begin to run until the
remarriage of the widow, their notice given within one
year from such remarriage was timely.   This conten-
tion is based upon the case of *Esposito* v. *Marlin-*
*Rockwell Corporation*, 96 Conn. 414, 114 Atl. 92, wherein
we held that the notice of claim for compensation re-
quired by General Statutes, § 5360, to be given within
one year from the date of the injury referred not to
the date of the infliction of the injury, but to the date
when the injury became compensable, and hence the
proper subject of a claim, that is, when the employee
had been for seven days incapacitated from earning

full .wages.  But in the instant case the employee was fatally injured and died the same day, December 20th, 1921, resulting in the award to the widow as totally dependent, and entitled to the entirety of the compensation to be awarded.  But the claimants insist that the injury did not become compensable as regards them until the remarriage of the widow, since it was only then that under the terms of General Statutes, § 5350, other dependents of a deceased employee became entitled to payment during the remainder of the compensation period.  The above noted decision merely construed this section as fixing the time of an injury at which some claimant would have the right to have compensation begin.  The decision is concerned with the injury, and provides a rule for fixing its date within the meaning of the Act.  It does not apply to the claim for compensation as such, nor authorize the fixing of a number of other future dates, at which the possible claims of a series of succeeding claimants may accrue. The conclusion of the commissioner in this regard was correct.

We now pass to the third point of claimants' brief, which embodies the main question involved in the case, and upon which the commissioner based his decision. In this regard they press the claim that they are within the exceptions of General Statutes, § 5360, which dispenses with the prerequisite of a notice of a claim within a year (now extendible in the discretion of the commissioner to two years) in four classes of cases, one of which is where there has been a hearing within one year.  In answering this claim respondents insist that the question involved is jurisdictional and that this court has held that in matters of jurisdiction the statute is to be strictly construed, citing *Simmons* v. *Holcomb*, 98 Conn. 770, 120 Atl. 510, and *Jester* v. *Thompson*, 99 Conn. 236, 121 Atl. 470.  In the case first cited we held that

where specification was made of four distinct states of facts which would operate to take a case from the requirement of the statutory notice, no other facts of a generally equitable nature could be considered in that behalf. We were not there asked to construe this statute as to its substance, but to add thereto certain other categories of exception implied from the general equitable powers of courts, which we held could not be done, and, generally, that "in matters of procedure involving time" no distinctive liberality of construction could properly prevail without creating great confusion.

In the other case cited to this point, we held that jurisdiction could not be conferred upon one commissioner to act by the request of another commissioner except in cases expressly provided in the Act, and that a jurisdiction not given by statute cannot be conferred by agreement of the parties, waiver or conduct. In so holding we were applying familiar rules prevailing whenever jurisdictional questions arise. Such rules and others of like nature must of course be recognized in the present case. But here we have a somewhat different question, one of pure interpretation or construction of the meaning of the word "hearing" as employed in the statute. At first blush it would seem that this word might include any investigation by the commissioner relating to the time, fact and cause of the injury, its extent, the persons having an interest in compensation, and their dependence respectively upon the labor of the injured person. It clearly is incumbent upon any litigant desiring to limit the general and inclusive import of the word to show something in the context of the statute or some general course of interpretation in like matters, sufficient logically to justify a restriction in the meaning of the term.

We naturally turn to the object of the four exceptions to the necessity of notice as prescribed in this

section, and especially to that concerning a hearing in determining the intent of the statute. It is clearly intended by the Act in general, that a speedy determination of the rights of the contending parties should be had by a procedure simple and easily understood.

"It intended that the employee should know what compensation he or his dependents would receive in the event of injury, and that payment should be made speedily by a procedure at once simple and inexpensive. It is intended that the employer should know his liability in this regard, and so might include it among the items charged to operation." *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 375, 94 Atl. 372.

The notice to the employer serves the purpose of informing him of the condition with which he is confronted, and the hearing is intended to further fix and make certain that condition as regards his liability, if any. The hearing presents a complete opportunity fully to develop the situation as regards the nature, extent and compensability of the injury, and incidentally to ascertain all possible dependents, present and prospective. It is difficult to conceive an employer having so little comprehension of a law by which he is bound, and the provisions of which he is presumed to know, or so ill advised professionally, as not to be aware that not only is there a dependent first compensable in any given case, but that the law also provides for other dependents in order after the one first preferred. The notice therefore given afterward that the person first compensable—in the present case, a widow—has ceased to be entitled to further compensation, merely informs the employer that a revision of the award should be made for one of the reasons stated in General Statutes, § 5355, that is, "that the measure of dependence, on account of which compensation is paid, has changed," and as applied to the instant case, that another set of

dependents was entitled to the benefits of the law. The section just referred to concludes with a provision that "the compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

The claim that respondents stood at the second hearing, two and one half years after the event, less able to defend their rights, through no laches of their own, is not meritorious. They were not foreclosed at that hearing from making any proper and legal claim, as the case then stood.

If the claimants are to be denied relief, it must be by narrowing the import of the word "hearing" as used in § 5360, to a hearing had by the action of the present claimants based upon a notice of claim given by them, rather than giving the word an ordinary and inclusive interpretation.

A case might easily be supposed in which during the period of three hundred and twelve weeks for which compensation had been awarded to a widow, the latter might die or remarry, and a daughter entirely dependent on the employee father and after his death upon the compensated mother come forward as a dependent, and again the latter might die leaving dependent minor children, within the compensation period, and all entitled to compensation when the facts arose bringing them within the provisions of the law. The construction of the word "hearing" claimed by the respondents, would constrain us to hold that the daughter and the minor children above supposed must severally give notices of injury in order to protect their possible and contingent claims within one year, or at the most two years from the date of the injury. Such a narrow and strained construction cannot be given to the word

"hearing" as contained in the section of the statute which we are considering. It is entirely out of accord with our treatment of forms and methods of procedure under the Act as illustrated in *Saddlemire* v. *American Bridge Co.*, 94 Conn. 618, 110 Atl. 63; *Bowne* v. *Stamford Rolling Mills Co.*, 95 Conn. 295, 111 Atl. 215; *Storms* v. *New Departure Mfg. Co.*, 97 Conn. 332, 116 Atl. 611.

The Superior Court is advised to sustain the appeal.

In this opinion the other judges concurred.