RITA FREDETTE *v.* CONNECTICUT AIR
NATIONAL GUARD ET AL.
(SC 17777)

Borden, Norcott, Katz, Palmer and Zarella, Js.*

* The listing of justices reflects their seniority status on this court as of the date of argument.

Argued February 9—officially released September 18, 2007

*Philip M. Schulz*, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellant (named defendant).

*Amy M. Stone*, with whom was *Richard L. Gross*, for the appellee (plaintiff).

*Opinion*

BORDEN, J. The named defendant,[1] the Connecticut Air National Guard, appeals[2] from the decision of the compensation review board (board) affirming the decision of the workers' compensation commissioner for the eighth district (commissioner) granting the motion of the plaintiff, Rita Fredette, seeking to preclude the defendant from contesting her right to receive benefits under the Workers' Compensation Act (act), General Statutes § 31-275 et seq. The defendant claims that the commissioner improperly construed General Statutes § 31-294c (a)[3] to allow the plaintiff to maintain a claim for dependent's benefits, pursuant to General Statutes § 31-306 (a),[4] following the death of her husband, John O. Fredette (decedent). Specifically, the question we must consider is whether a dependent has filed a timely

---

[1] At various points in the proceedings underlying this appeal, GAB Robins North America, Inc., the third party administrator of the claim at issue in this appeal (state claims administrator), also was named as a defendant. We refer herein to the Connecticut Air National Guard as the defendant.

[2] The defendant appealed to the Appellate Court, and, upon the defendant's motion, we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

[3] General Statutes § 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. . . ."

[4] General Statutes § 31-306 (a) provides in relevant part: "Compensation shall be paid to dependents on account of death resulting from an accident arising out of and in the course of employment or from an occupational disease . . . ."

claim for benefits when the employee, who had not made a claim for occupational disease benefits during his life, died more than two years after the first manifestation of his occupational disease, and the dependent filed a claim within three years from that first manifestation. We answer that question in the affirmative and, accordingly, we affirm the decision of the board.

The relevant, undisputed facts and procedural history are as follows. The plaintiff is the widow and presumptive dependent[5] of the decedent. From 1960 to 1992, the decedent was a civilian aircraft technician employed by the defendant. During the course of his employment, the decedent was exposed to asbestos, which contributed to his September 25, 2000 diagnosis of pulmonary asbestosis. This diagnosis constituted the "first manifestation of a symptom of the occupational disease" within the meaning of § 31-294c (a). The decedent died from respiratory failure on March 25, 2003, due in part to that condition. On May 28, 2003, the plaintiff filed notice of workers' compensation claims pursuant to §§ 31-294c (a) and 31-306 on behalf of the decedent's estate and herself. Prior to his death, the decedent had not filed a claim under the act.

Because the state claims administrator had failed to contest the plaintiff's claims in a timely manner, the plaintiff filed a motion, pursuant to § 31-294c (b),[6] to

---

[5] " 'Presumptive dependents' means . . . persons who are conclusively presumed to be wholly dependent for support upon a deceased employee," including, "[a] wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly . . . ." General Statutes § 31-275 (19) (A).

[6] General Statutes § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice . . . stating that the right to compensation is contested . . . . Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before

preclude the defendant from contesting the compensability of those claims. The commissioner granted that motion. The defendant then moved to correct that ruling to reflect certain undisputed facts as well as to find, pursuant to § 31-294c, that "insofar as [the decedent] failed to file a notice of claim for compensation within three years of the first manifestation of a symptom of his occupational disease, and he died more than two years after the date of first manifestation, then the provisions providing for a survivor's claim to be brought by the surviving dependent spouse did not come into play, thereby depriving the trial [c]ommissioner of subject matter jurisdiction over the death claim." The commissioner granted in part the defendant's motion to include those certain undisputed facts, but denied that part of the motion to correct the commissioner's ruling to find that he did not have subject matter jurisdiction over the claim for dependents' benefits.

The defendant subsequently appealed to the board from the commissioner's decision granting the plaintiff's motion to preclude, claiming that the commissioner lacked subject matter jurisdiction because the plaintiff's notice of her dependent's claim was untimely under § 31-294c (a). The board dismissed the defendant's appeal and affirmed that decision. This appeal followed.[7]

The defendant claims that the board improperly concluded that the commissioner properly had interpreted § 31-294c (a) to conclude that the plaintiff's claim for dependent's benefits was timely.[8] Specifically, the

such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

[7] In its appeal before the board, the defendant also claimed that the decedent was not injured while working for a covered employer under the act. The board rejected this claim as well, but the defendant has not pursued it in its appeal to this court.

[8] The defendant has not challenged the commissioner's jurisdiction over the plaintiff's claim as the decedent's legal representative.

defendant contends that, although the decedent would have had three years from the first manifestation of his disease in which to make a claim pursuant to § 31-294c (a),[9] because he did not do so, and because he died more than two years from the first manifestation of a symptom of his occupational disease, the additional time period for the plaintiff to assert a claim for survivor's benefits never was triggered. Therefore, the commissioner lacked subject matter jurisdiction over the survivor's claim. The plaintiff counters that the legislature did not intend the proviso in § 31-294c (a) to limit dependents' claims under the act to those cases in which death occurs within two years after the first manifestation of a symptom of the occupational disease. Rather, she claims that it intended to create a modified limitations period for dependents' claims in only those cases in which the decedent never filed a claim in his own right but *died within two years* from the first manifestation of the disease.

Reduced to their essences, the parties' claims appear to be as follows. The defendant claims that, in order for there to be a viable claim by a decedent's dependents either: (1) the decedent must have filed a claim within three years of the first manifestation of his disease; *or* (2) he must have died within *two* years of that first manifestation, and his dependents must have filed their claims within that two year period or one year from the date of death, whichever is later.[10] Thus, the defendant reads the proviso language of § 31-294c (a), namely, "provided, if death has resulted within two years from

---

[9] See footnote 3 of this opinion.

[10] The defendant does not specifically address the question of what the outcome would be if the decedent lived for more than two years after the first manifestation of his disease and filed a claim during the third year; in that case, the claim *would* be filed within three years of the first manifestation of the disease, but the death *would not* have occurred within two years of that first manifestation. This scenario illustrates but one of the several unanswered questions posed by the statutory scheme.

the date of the . . . first manifestation of a symptom of the occupational disease," to mean that, in the absence of a timely filed claim of the decedent within his lifetime, the death of the decedent within two years of the first manifestation of a symptom of the occupational disease is a condition precedent to a dependent's claim. Because in the present case the decedent neither filed a timely claim in his own right nor died within two years of the first manifestation of the disease, the defendant contends that condition precedent has not been satisfied.

The plaintiff claims that the only predicate to a decedent's claim is that *some claim*—either by the decedent or his legal representative or dependent—must be filed within three years of the first manifestation, but that there is no requirement that the decedent must have died within two years of that first manifestation. She reads the proviso language of § 31-294c (a) to address only the case in which death occurs within two years of the first manifestation of the disease, in which case the dependent would be subject to a modified limitations period of "two years from the date of the . . . first manifestation of a symptom of the occupational disease . . . or within one year from the date of death" to file a claim. Put another way, the plaintiff reads the language "provided, if death has resulted within two years from the date of the . . . first manifestation of a symptom of the occupational disease"; General Statutes § 31-294c (a); not as a condition precedent to any claim under § 31-306, but rather as a different limitations period that applies only under the specified circumstances. In the present case, the plaintiff filed a claim within the three year period, and the decedent died *more* than two years from the first manifestation of the disease. Accordingly, the plaintiff contends, the proviso setting forth the limitations period when death occurs within two years of the first manifestation of the disease

simply does not apply. Thus, whereas the defendant construes the proviso as a further limitation on the general three year statute of limitations, the plaintiff construes this provision as a separate and distinct limitations period. Although the statutory scheme is difficult to construe with complete consistency, we agree with the plaintiff.

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board." (Citations omitted; internal quotation marks omitted.) *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 603, 748 A.2d 278 (2000). Cases that present pure questions of law, however, "invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Internal quotation marks omitted.) *Ricigliano* v. *Ideal Forging Corp.*, 280 Conn. 723, 728–29, 912 A.2d 462 (2006). There has been no prior judicial or time-tested interpretation of § 31-294c (a). Accordingly, our statutory analysis accords no deference to the board's interpretation of that statute. Id.

"[W]e are mindful of the principles underlying Connecticut practice in [workers'] compensation cases: that the legislation is remedial in nature . . . and that it should be broadly construed to accomplish its humanitarian purpose." (Internal quotation marks omitted.) *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252

Conn. 604–605, quoting *Dubois* v. *General Dynamics Corp.*, 222 Conn. 62, 67, 607 A.2d 431 (1992). We also recognize, however, that the filing of a timely notice of claim is a condition precedent to liability and a jurisdictional requirement that cannot be waived. See *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 577, 698 A.2d 873 (1997); *Walsh* v. *A. Waldron & Sons*, 112 Conn. 579, 584, 153 A. 298 (1931); *Cuccuro* v. *West Haven*, 6 Conn. App. 265, 268, 505 A.2d 1, cert. denied, 199 Conn. 805, 508 A.2d 31 (1986).

"When interpreting a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *Fullerton* v. *Administrator, Unemployment Compensation Act*, 280 Conn. 745, 755, 911 A.2d 736 (2006). "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." General Statutes § 1-2z. None of the parties contends, however, that § 1-2z governs our review of § 31-294c as it applies to the facts of the present case. We agree. "Accordingly, our analysis is not limited, and we, therefore, apply our well established process of statutory interpretation, under which we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case . . . ." (Internal quotation marks omitted.) *Juchniewicz* v. *Bridgeport Hospital*, 281 Conn. 29, 35, 914 A.2d 511 (2007).

"In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to

its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Id. "We have previously recognized that our construction of the [act] should make every part operative and harmonious with every other part insofar as is possible . . . . In applying these principles, we are mindful that the legislature is presumed to have intended a just and rational result." (Internal quotation marks omitted.) *Duni* v. *United Technologies Corp.*, 239 Conn. 19, 24, 682 A.2d 99 (1996). "In the interpretation of a statute, a radical departure from an established policy cannot be implied. It must be expressed in unequivocal language." (Internal quotation marks omitted.) *State* v. *Ellis*, 197 Conn. 436, 459, 497 A.2d 974 (1985), on appeal after remand sub nom. *State* v. *Paradise*, 213 Conn. 388, 567 A.2d 1221 (1990). Finally, it is our judicial responsibility in considering a statutory scheme, like this one, that has obvious and significant gaps and inconsistencies in it, to attempt to make sense of it as much as possible. This we attempt to do in the present case.

We begin our analysis with the language of the statute. Section 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given . . . *within three years from the first manifestation of a symptom of the occupational disease* . . . which caused the personal injury, *provided, if death has resulted within two years from the date of the* . . . *first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. . . .*" (Emphasis added.)

The defendant relies principally on the language of the proviso, namely, that "if death has resulted within

two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make a claim . . . within the two-year period or within one year from the date of death, whichever is later"; General Statutes § 31-294c (a); and posits that, in the absence of a timely claim on the part of the decedent, death within the first two years after the first manifestation of the occupational disease is a condition precedent to any claim by the decedent's dependent survivors. The plaintiff posits the equally plausible interpretation that death within two years is a condition precedent, not to dependents' claims, but rather to the operation of the proviso itself. In analyzing the meaning of this language, we find it helpful to look to the genealogy of § 31-294c (a) and related statutes, and we examine our case law construing those provisions. *Ricigliano* v. *Ideal Forging Corp.*, supra, 280 Conn. 732. Because the present case involves the relationship between the act's statute of limitations, § 31-294c (a), and its right of action for dependents' claims, § 31-306, we also find it useful in our review of the genealogy of those statutes to examine their relationship and operation over time.

As first codified, the predecessor to § 31-294c (a) provided in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is made within one year from the date of the injury. . . . [I]n cases of fatal injuries, notice may be served either by any one of the dependents under the provisions of this chapter . . . or by the legal representative of the deceased employee . . . ." General Statutes (1918 Rev.) § 5360. The corresponding predecessor to § 31-306 provided in relevant part: "Compensation shall be paid on account of death resulting from injuries

within two years from date of injury as follows . . . ." General Statutes (1918 Rev.) § 5349.[11]

At the outset, we note that this version of the statute of limitations does not specify who must file the notice of claim. To the contrary, the statute is written in the passive voice. "No proceedings for compensation under the provisions of this chapter shall *be maintained* unless *a* written notice of claim for compensation *is made* . . . ." (Emphasis added.) General Statutes (1918 Rev.) § 5360; see also General Statutes § 31-294c (a) (same). The statute employs the plural to refer implicitly to the claims to which it applies; see General Statutes (1918 Rev.) § 5360 ("[*n*]*o proceedings* . . . under the *provisions* of this chapter" [emphasis added]); and it employs the singular to describe timely notice under the act. See General Statutes (1918 Rev.) § 5360 ("*a* written notice of claim" [emphasis added]). From this language, we glean that the statute's limitations period applies to *all* potential claims under the act, including claims of the employee's estate or his dependents. Concomitantly, we conclude that the timely filing of any compensable claim under the act has the effect of satisfying the limitations period for all potential claims under the act. Because the limitations period begins to run when at least *some claim* has vested, however; *Tolli* v. *Connecticut Quarries Co.*, 101 Conn. 109, 114, 124 A. 813 (1924) ("fixing the time of an injury at which some claimant would have the right to have compensation begin"); we also conclude that the failure to file any compensable claim within the applicable limitations period would have the effect of barring all claims under the act, irrespective of whether they yet had become compensable.

Put another way, § 31-294c (a) requires, not that claims under the act be brought in any particular order,

---

[11] General Statutes (1918 Rev.) § 5349 codified Public Acts 1913, c. 138, Public Acts 1915, c. 288, and Public Acts 1917, c. 368.

but rather that a compensable claim be filed within the applicable limitations period, irrespective of whether that initial claim is filed by the employee, the employee's estate after his death, or the decedent employee's dependents. In the case of an instantaneously fatal injury, for example, the claims of the decedent's estate and his dependents immediately would become compensable, and the filing of either claim would satisfy the limitations period for both. In the case of an employee who survives his injuries, however, his estate and dependents must wait until the employee's death to file their claims. See *Duni* v. *United Technologies Corp.*, supra, 239 Conn. 25. In this latter scenario, if the employee had lived beyond the expiration of the limitations period and had failed to make a timely claim, the employee's estate and dependents' claim would be time barred. If, however, the employee had filed a timely claim during his lifetime, that claim would have had the effect of satisfying the limitations period with respect to the claims of his estate and dependents.[12]

We garner support for this conclusion from *Tolli* v. *Connecticut Quarries Co.*, supra, 101 Conn. 109. In that case, the widow of a decedent filed a timely claim for benefits under the act. Id., 110. Pursuant to the terms of the act, those benefits were terminated upon the widow's remarriage. Id. The parents of the decedent, however, also had relied on him for financial support

---

[12] This does not mean, however, and we do not suggest, that after the death of a decedent who *had* filed a timely claim during his lifetime, there is *no* subsequent time limitation on the filing of a separate claim by his dependents or legal representative. If there were no such time limitation, the employer would have no timely notice of a dependent's claim. The plaintiff suggests, therefore, that we, in effect, borrow the language "within one year from the date of death" from § 31-294c (a), and apply it to such cases. Although that suggestion has some appeal, it also has some linguistic barriers to it. We need not decide that question in the present case, however, because the only claim filed was that of the plaintiff, and it was filed within three years of the first manifestation of a symptom of the disease.

and, subsequent to his death, had come to depend on his widow as well. Id., 110–11. Therefore, after the termination of the widow's benefits, the parents commenced their own claim for benefits under the act. Id., 110. At issue was whether that claim was timely, despite the fact that it followed the remarriage of the widow, which took place well after the limitations period had run. Id., 110–11. We held that, by virtue of the widow's claim and the hearing regarding that claim, the parents were excepted from the limitations period. Id., 117. Our conclusion was based on the fact that the hearing regarding the widow's claim had afforded the employer with "a complete opportunity fully to develop the situation as regards the nature, extent and compensability of the injury, and incidentally to ascertain *all possible dependents, present and prospective.*" (Emphasis added.) Id., 116. We stated: "It is difficult to conceive an employer having so little comprehension of a law by which he is bound, and the provisions of which he is presumed to know, or so ill advised professionally, as not to be aware that not only is there a dependent first compensable in any given case, but that the law also provides for other dependents in order after the one first preferred. The notice therefore given afterward that the person first compensable—in the present case, a widow—has ceased to be entitled to further compensation, merely informs the employer that a revision of the award should be made . . . ." Id.

Accordingly, as they appeared in 1918, the predecessor to § 31-294c (a) required *some claimant* to commence a claim within one year from the date of the injury; General Statutes (1918 Rev.) § 5360; but the predecessor to § 31-306 only provided *dependents* with compensation "on account of death resulting from injuries *within two years* from [the] date of injury . . . ." (Emphasis added.) General Statutes (1918 Rev.) § 5349. Under that statutory scheme, dependents faced two

temporal hurdles. First, as a condition precedent to a compensable claim, a dependent's decedent must have died within two years of the decedent's injury. Second, to satisfy the statute of limitations, some claim for that injury must have been made within one year from the injury. Thus, any claim of a dependent made within the one year limitations period would have been valid because it would have complied with each statute's temporal element. The failure, however, of an employee who died more than one year but less than two years after the injury to have filed a claim within one year from the injury would have rendered the claims of his dependents untimely, despite the dependents' compliance with the requirement in the predecessor to § 31-306, which tied the right of action in that statute to the death of the decedent within two years of his injury. The next set of legislative changes responded to this lacuna in the statutory scheme.

During the 1920s, the legislature made two significant changes to the predecessor to § 31-294c (a). First, the legislature established different triggering events for the commencement of the limitations period based on whether the compensable injury resulted from an accident or an occupational disease. Public Acts 1927, c. 307, § 5; see also *Ricigliano* v. *Ideal Forging Corp.*, supra, 280 Conn. 732. Second, the legislature added the first version of the proviso upon which the defendant now relies, which expanded the limitations period from one to two years for claims of dependents in cases wherein the employee had not filed a claim. Public Acts 1921, c. 306, § 8; Public Acts 1927, c. 307, § 5. At the close of that decade the amended statute of limitations provided in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation shall be given within one year from the *date of the accident or from the first manifestation of a*

*symptom of the occupational disease,* as the case may be, which caused the personal injury, *provided, if death shall have resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents may make claim for compensation within said two-year period . . . .*" (Emphasis added.) General Statutes (1930 Rev.) § 5245.

In conjunction with its amendments to the statute of limitations, the legislature also amended the predecessor to § 31-306 to provide for different methods of triggering the commencement for that statute's temporal requirement, based—like the statute of limitations—on whether the injury stemmed from an accident or occupational disease. See Public Acts 1927, c. 307, § 2 ("[c]ompensation shall be paid on account of death resulting from *accident or an occupational disease* within two years from the date *of the accident or the first manifestation of a symptom of the occupational disease,* as the case may be, as follows" [emphasis added]).

On the basis of the foregoing, we conclude that the legislature introduced the proviso, not as a condition precedent for the commencement of dependents' claims, but rather to articulate a modified—at the time, extended—limitations period for the commencement of such claims. The proviso served as an exception to the underlying one year limitations period for cases in which the employee had, during his lifetime, failed to satisfy that one year limitations period, but still had died within the two year period for which dependents' claims were compensable under the predecessor to § 31-306. See *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 189, 592 A.2d 912 (1991) (interpreting provisos to restrict scopes of statutes). In other words, for dependents with claims under the predecessor to § 31-306, for "death resulting from accident or an occu-

pational disease within *two years from the date of the accident or first manifestation of a symptom of the occupational disease*"; (emphasis added) General Statutes (1930 Rev.) § 5234; the proviso *expanded* the limitations period of the predecessor to § 31-294c (a) from one year to "said two-year period . . . ." General Statutes (1930 Rev.) § 5245. This change ensured that no compensable dependent's claim would become untimely solely by virtue of the employee's failure, before his death, to satisfy the one year limitations period. In such a case, the dependents could nonetheless file a timely claim following the decedent's death within two years from the first manifestation of the disease.

Our conclusion that the legislature did not intend for the proviso to impose, as a condition precedent, the requirement of the employee's death within two years from the first manifestation of the disease is bolstered by the legislature's 1939 amendment to the predecessor to § 31-306. In 1939, the legislature included language in the dependents' right of action allowing for compensation, "if death shall result from an injury or occupational disease, sustained or contracted under the provisions of this chapter, *later than two years from the date of such injury or the first manifestation of a symptom of the occupational disease* . . . ." (Emphasis in original.) General Statutes (1939 Sup.) § 1326e.[13] The legislature made no change to the proviso, however, which continued to provide that "if death shall have

---

[13] General Statutes (1939 Sup.) § 1326e provided in relevant part: "[I]f death shall result from an injury or occupational disease, sustained or contracted under the provisions of this chapter, later than two years from the date of such injury or the first manifestation of a symptom of the occupational disease, the dependents of the deceased employee shall receive compensation for the period not to exceed the three hundred and twelve weeks herein provided, less any period for which compensation payments have been made to the deceased employee on account of such injury or occupational disease. . . ."

resulted within two years . . . a dependent or dependents may make claim for compensation within said two-year period . . . ." General Statutes (1939 Sup.) § 1330e (a).

The legislature's grant of benefits, under the predecessor to § 31-306, for dependents of decedents who died *more* than two years after the commencement of the limitations period demonstrates that the legislature meant for the proviso, not to create a condition precedent for the commencement of such claims, but rather to articulate a modified limitations period for the commencement of such claims in cases to which the proviso applied, namely, when the decedent did *not* die more than two years after the first manifestation of the disease. Because in the predecessor to § 31-306 the legislature clearly provided for dependents' claims resulting from the death of the decedent "later than *two years* from the date of such injury or the first manifestation" of the disease; (emphasis added) General Statutes (1939 Sup.) § 1326e; it could not also have meant for the proviso in § 31-294c (a) to limit such claims only to cases in which the decedent died *within* two years from the date of such injury or first manifestation of the disease. Instead, we believe the legislature meant simply to limit the application of the proviso's expanded limitations period—namely, two years from the date of the first manifestation of the disease—to such cases.

In 1959, the legislature modified the proviso's two year limitations period for dependents' claims to prescribe that the later of two periods would apply: (1) two years from the accident or first manifestation of the employee's occupational disease; or (2) *one year from the employee's date of death.* Public Acts 1959, No. 580, § 8 ("provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents may make claim for compen-

sation within such two-year period *or within one year from the date of death, whichever is later*" [emphasis added]). Prior to 1959, if an employee, who had not filed a claim during his lifetime and were to die exactly one day short of two years after his diagnosis, his dependents would have had only one day in which to file their claims. The 1959 amendment, however, provided the dependents in such a case one year from the date of death to file a claim.

Two years later, the legislature moved into the proviso of § 31-294c (a) that part of the statute that previously had authorized dependents or legal representatives of employees to file claims in cases of fatal injuries. Public Acts 1961, No. 491, § 16; see also General Statutes (1918 Rev.) § 5360 ("in cases of fatal injuries, notice may be served either by any one of the dependents under [this act] or by the legal representative of the deceased employee"). The amended statute provided in relevant part: "[I]f death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, *or the legal representative of the deceased employee,* may make claim for compensation within such two-year period or within one year from the date of death, whichever is later. . . ."[14] (Emphasis added.) General Statutes (Cum. Sup. 1963) § 31-294.

---

[14] The legislature introduced this change as part of a complete overhaul of the act, ostensibly to make the statute structurally clear. See 9 S. Proc., Pt. 9, 1961 Sess., pp. 2972–74. On its face, this change would appear to apply the proviso—and its limitations period—to the claims not only of dependents, but also of the estate. See General Statutes § 31-294c (a) ("provided . . . a dependent or dependents, *or the legal representative of the deceased employee,* may make claim for compensation" [emphasis added]). In the present case, however, as we have noted, the defendant has not challenged the commissioner's exercise of jurisdiction over the claim of the decedent's estate.

Until 1979, the predecessor to § 31-306 continued expressly to provide for compensation for claims of dependents whose decedents died more than two years after the commencement of the limitations period. See Public Acts 1959, No. 580, § 5 (specifying benefits "[i]f death occurs *within six years* from the date of the injury or the first manifestation of a symptom of the occupational disease," and "[i]f death occurs *later than two years* from the date of the injury or the first manifestation of a symptom of the occupational disease" [emphasis added]); Public Acts 1961, No. 491, § 29 (same). In 1979, the legislature removed from § 31-306 the language specifically pertaining to dependents' compensation in cases in which the decedent had died later than two years from the date of injury or the first manifestation of a symptom of the occupational disease.[15] Public Acts 1978, No. 78-369. The legislature did not, however, change the language of the proviso in the predecessor to § 31-294c (a). See General Statutes (Rev. to 1979) § 31-294. We do not infer, therefore, that by the removal from § 31-306, in 1979, of the language regarding compensation for deaths occurring later than two years from the date of the first manifestation of the disease, the legislature intended the proviso to take on a different meaning than that which it had had since 1939.

Then, in 1980, the legislature extended the underlying limitations period for occupational diseases—but not for accidents—from one to three years. Public Acts 1980, No. 80-124, § 5. This change was part of an effort

---

[15] Prior to that change, § 31-306 had provided in relevant part: "If death occurs later than two years from the date of injury or the first manifestation of a symptom of the occupational disease, the period for which compensation shall be due hereunder shall be reduced by the period for which compensation payments have been made to the deceased employee on account of such injury or occupational disease." General Statutes (Rev. to 1977) § 31-306.

Since 1939, and as presently codified, § 31-306 sets forth no temporal provisions, but rather groups benefits according to specific dates, such as the employee's date of injury or death.

to expand claimants' rights. According to Senator Michael J. Skelley, "it was the feeling of the [labor and public employees] committee that any [workers' compensation] claim should in fact be dealt with regardless of the length of time, but there was some concern about taking the statute of limitations off completely and we extended it by two more years." 23 S. Proc., Pt. 3, 1980 Sess., p. 631. The legislative history also indicates that the legislature lengthened the underlying limitations period for occupational disease claims—but not accident claims—specifically to address its concern that one year might afford too little time for an ill employee to discover the first manifestation of a symptom of his occupational disease.[16] See 23 H.R. Proc., Pt. 12, 1980 Sess., p. 3457. "[T]he legislature . . . appl[ied] a more liberal standard that would ensure that the long latency period for many occupational diseases and the difficulties in establishing connections to the workplace would not unfairly preclude claims for compensation." *Ricigliano* v. *Ideal Forging Corp.*, supra, 280 Conn. 741.

In drafting the 1980 amendment to General Statutes (Rev. to 1979) § 31-294, however, the legislature did not amend the proviso to reflect its change to the general limitations period for occupational disease claims, which it had expanded from one year to three years. See Public Acts 1980, No. 80-124, § 5. As a result, the proviso's specific limitations period—the later of two years from the date of the first manifestation of the occupational disease or one year from the date of death—which previously had been *greater* than the general limitations period, provided a shorter limitations period for dependents' claims arising from occupational

---

[16] We note that we recently concluded that "the legislature intended for the claimant to recognize the disease as one causally connected to his employment before the limitations period would commence." *Ricigliano* v. *Ideal Forging Corp.*, supra, 280 Conn. 732.

diseases than the three year limitations period for the employee.[17] Given, however, that the legislature had enacted the proviso, not to create a condition precedent for dependents' claims, but to expand the limitations period for dependents in cases in which the decedent died *within* two years from the first manifestation of the disease without having filed a claim, it would be anomalous to infer a legislative intent that, when the legislature *extended* the limitations period in which a claimant could file his claim to *three* years from the first manifestation of the occupational disease, it also meant to limit dependents' claims to cases in which the decedent died *less than two years* after the first manifestation of the disease.

As previously discussed, the legislature originally crafted the proviso of § 31-294c (a) as an expansion of the underlying one year limitations period for cases in which the employee had, during his lifetime, failed to satisfy the underlying statute of limitations but still had died relatively "swiftly"; *Capen* v. *General Dynamics*, No. 1394 CRB-2-92-3 (December 30, 1993); namely, within two years of the injury. See General Statutes § 31-294c (a). Therefore, notwithstanding the 1980 amendment, we conclude that to interpret the proviso to extinguish dependents' claims that otherwise fall within the underlying three year limitations period would be to give to the statute a meaning contrary to that contemplated by the legislature and to depart radically from established policy. See *State* v. *Ellis*, supra, 197 Conn. 459 (requiring express declaration on part of legislature of such intent).

Furthermore, § 31-294c (c) provides in relevant part: "Failure to provide a notice of claim under subsection

---

[17] The operation of the proviso with regard to accident claims was not affected by the 1980 amendment, which only increased the underlying limitations period for claims involving occupational disease. See Public Acts 1980, No. 80-124, § 5.

(a) of this section *shall not bar* maintenance of the proceedings if there has been a hearing or a written request for a hearing or an assignment for a hearing within . . . *a three-year period* from the first manifestation of a symptom of the occupational disease . . . ." (Emphasis added.) This exception is based upon the fact that, if a hearing has been held, then the employer knows that an injury has been suffered that may be the basis of such a claim. See *Gesmundo* v. *Bush*, 133 Conn. 607, 612, 53 A.2d 392 (1947). In the present case, the plaintiff filed her claim "within a three-year period from the first manifestation of a symptom of the occupational disease . . . ." General Statutes § 31-294c (c). Therefore, employing the proviso to bar the plaintiff's claim would conflict with the limitations period set forth in § 31-294c (c), because doing so would foreclose an exception to § 31-294c (a) before an event triggering that exception might occur.

In addition, General Statutes § 52-599 (a) expressly provides that "[a] cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." This provision applies to workers' compensation claims. See *Greenwood* v. *Luby*, 105 Conn. 398, 400–401, 135 A. 578 (1926) (applying General Statutes § 6177, predecessor to § 52-599 [a] to workers' compensation claims). Although, in the present case, the defendant has not challenged the commissioner's exercise of jurisdiction over the claim of the plaintiff in her capacity as representative of the decedent's estate; see footnote 8 of this opinion; we note that the proviso, on its face, applies to claims both of dependents and of "the legal representative of the deceased employee . . . ." General Statutes § 31-294c (a). Therefore, to construe the proviso to impose a condition precedent on dependents' claims, of death within two years of the first manifestation of the dis-

ease, also would necessarily preclude such claims of the estate. Such a construction of § 31-294c (a) would result in the destruction of a right of action of the employee by the death of that employee, presenting a conflict between §§ 31-294c (a) and 52-599. We ordinarily read statutes to be consistent, rather than to conflict, with each other. See *Renaissance Management Co.* v. *Connecticut Housing Finance Authority*, 281 Conn. 227, 238–39, 915 A.2d 290 (2007); *Discuillo* v. *Stone & Webster*, supra, 242 Conn. 577 n.7.

In the present case, the three year limitations period commenced on September 25, 2000, the date the parties agree that the decedent experienced the first manifestation of a symptom of his occupational disease. See General Statutes § 31-294c (a). The decedent died within that three year period, on March 25, 2003. The claims of his estate and his dependents, which vested upon the decedent's death; *Duni* v. *United Technologies Corp.*, supra, 239 Conn. 25; were subject to the underlying limitations period, namely, three years from the first manifestation of a symptom of the occupational disease. As of March 25, 2003, the limitations period, which concluded on September 25, 2003, had six months remaining. The plaintiff filed notice of her dependent's claim on May 28, 2003, four months shy of the conclusion of that three year limitations period. Because we have concluded that the proviso of § 31-294c (a) neither operates as a condition precedent to dependents' claims nor applies its modified limitations period to cases—such as the present case—in which the employee dies *more* than two years after the first manifestation of a symptom of the occupational disease, the plaintiff's claim was subject to a limitations period of three years from the first manifestation of the disease. Because the plaintiff filed her claim within that

three year period, the plaintiff's § 31-306 claim was timely.[18]

The defendant argues that, because the legislature is "presumed to be aware and to have knowledge of all existing statutes and the effect which its own action or nonaction may have on them"; *Windham First Taxing District* v. *Windham*, 208 Conn. 543, 554, 546 A.2d 226 (1988); when the legislature increased the underlying limitations period from one to three years, it understood that the proviso's effect no longer would be to expand the limitations period for dependents' claims, but rather to limit such claims. We disagree because we believe that it would violate the principle that the legislature is presumed to have intended to create a consistent body of law to interpret § 31-294c (a) so as to preclude dependents' claims. See *Discuillo* v. *Stone & Webster*, supra, 242 Conn. 577 n.7. Moreover, it would ascribe an intent to the legislature to limit benefits in the absence of clear evidence to that effect.

We also are unpersuaded by the defendant's argument that our interpretation of § 31-294c (a) fails properly to give meaning to the proviso. Specifically, the defendant contends that in occupational disease cases, if both an employee and his dependents have three years in which to file a claim, then the proviso's shorter limitations period—namely, the later of two years from the first manifestation of a symptom of the occupational disease or one year from the date of death—always will be subsumed by that three year period. Our conclusion does not deprive the proviso of its meaning, which is, as it has been, to modify the limitations period in cases

---

[18] Given that the decedent had not filed a claim during the three year limitations period but that the plaintiff did file her claim within that three year period, we need not resolve in this case the question of how long after the death of a decedent, who *had* filed a claim within the three year limitations period, a dependent otherwise would have to file a claim. See footnote 12 of this opinion.

to which the proviso applies, namely, when the decedent dies *within two years* of the first manifestation of the disease. See General Statutes § 31-294c (a) ("provided, *if death has resulted within two years from the date of the accident*" [emphasis added]).

Finally, the defendant argues that because dependents' claims are "separate yet derivative of the underlying injury claim"; see *Duni* v. *United Technologies Corp.*, supra, 239 Conn. 25; *Biederzycki* v. *Farrel Foundry & Machine Co.*, 103 Conn. 701, 704–705, 131 A. 739 (1926); the plaintiff may not resurrect a claim for compensation that the decedent "could have brought during his life but did not . . . ." By this we understand the defendant to contend that the timely filing *by the employee* of a claim under the act is a condition precedent to any future dependents' claims under the act. We disagree. Although the availability of dependents' benefits under § 31-306 "is inextricably linked to, and wholly dependent upon, the existence of a compensable injury or illness suffered by the employee"; *Duni* v. *United Technologies Corp.*, supra, 25; it is not dependent upon the filing of a claim by the employee, but rather by the filing of any vested claim under the act within the applicable limitations period of § 31-294c (a).

To summarize what we have concluded: First, in any claim based on an occupational disease, whether for benefits payable to the employee during his lifetime or to the dependents or his estate after the employee's death, *some claim* must be filed within three years of the first manifestation of the disease. Second, the proviso of § 31-294c (a) does not operate as a condition precedent—namely, death within two years of the first manifestation of the disease—to all dependents' claims, but rather articulates a modified limitations period in cases in which the decedent dies within two years from that first manifestation. Third, in the present case, the decedent died more than two years after the first mani-

festation of the disease and the plaintiff filed her dependent's claim within three years of the first manifestation of the disease. Therefore, her claim was timely under § 31-294c (a). Fourth, we need not decide in this case how long after the decedent's death a dependent would have to file her claim in a case in which the *decedent* had filed a claim during his lifetime and within three years of the first manifestation of the disease.

We note that these conclusions comport with the purposes of the limitations period of § 31-294c (a). Because some claim must be filed within the three year period, the employer will have adequate notice of the claim and be able to investigate it. See *Gesmundo* v. *Bush,* supra, 133 Conn. 612 ("[t]he purpose of the notice is to inform the employer that an injury has been suffered upon which a claim for compensation will or may be founded"). Furthermore, because the two year period of the proviso does not operate as a condition precedent to a dependent's claim, the remedial purpose of the act; see *Ricigliano* v. *Ideal Forging Corp.*, supra, 280 Conn. 743; will be fulfilled, because a dependent will not be harmed because his decedent happened to live more than two years from the first manifestation of his occupational disease.

We have attempted in this case to answer the specific question before us and, in the process, to make sense of a complex statutory scheme that presents gaps and internal inconsistencies in its treatment of the time limits for death claims resulting from occupational diseases. We, therefore, urge the legislature to address these gaps and inconsistencies, because this is an area that, to the extent feasible, should be addressed by specific statutory language rather than by judicial interpretation.

The decision of the compensation review board is affirmed.

In this opinion the other justices concurred.