## KAREN BERGIN *v.* DEPARTMENT OF CORRECTION
### (AC 22311)

Lavery, C. J., and Foti and Schaller, Js.

Submitted on briefs December 10, 2002—officially released March 18, 2003

*Barry D. Guliano* filed a brief for the appellant (plaintiff).

*Richard Blumenthal*, attorney general, and *William J. McCullough* and *Philip M. Schulz*, assistant attorneys general, filed a brief for the appellee (defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Karen Bergin, appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) denying her motion, filed pursuant to General Statutes § 31-315, to open the commissioner's decision denying her claim for benefits. We affirm the decision of the board.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. The plaintiff's late husband, Donald Bergin, Jr. (Bergin), began working for the defendant state of Connecticut in the department of correction in 1974. He initially was employed as a correction officer and subsequently was promoted to lieutenant and then captain. He maintained an active lifestyle and exercised regularly. On June 30, 1997, he voluntarily retired and accepted an enhanced pension package offered by the defendant. At the time of his retirement, Bergin was forty-five years old. On September 16, 1997, he suffered a heart attack while jogging. He died shortly thereafter. At the time of his death, he was survived by the plaintiff and their four children.

The plaintiff filed a claim with the commissioner seeking benefits under four different theories. The plaintiff sought benefits pursuant to General Statutes §§ 5-145a,[1]

[1] General Statutes § 5-145a provides in relevant part: "Any condition of impairment of health caused by hypertension or heart disease resulting in total or partial disability or death to a member of . . . state personnel engaged in guard or instructional duties in the Connecticut Correctional Institution, Somers, Connecticut Correctional Institution, Enfield-Medium, the Carl Robinson Correctional Institution, Enfield, John R. Manson Youth Institution, Cheshire, the Connecticut Correctional Institution, Niantic, the Connecticut Correctional Center, Cheshire, or the community correctional centers . . . who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of such condi-

31-306[2] and 31-284.[3] The plaintiff also filed a claim for benefits on the basis of repetitive trauma. The essence of the repetitive trauma claim was that the daily stress caused by Bergin's employment duties caused him to suffer from hypertension, which was a substantial factor in his subsequent heart attack.[4] On December 3, 1999, the commissioner issued his findings. The com-

tion, shall be presumed to have been suffered in the performance of his duty and shall be compensable in accordance with the provisions of chapter 568, except that for the first three months of compensability the employee shall continue to receive the full salary which he was receiving at the time of injury in the manner provided by the provisions of section 5-142. Any such employee who began such service prior to June 28, 1985, and was not covered by the provisions of this section prior to said date shall not be required, for purposes of this section, to show proof that he successfully passed a physical examination on entry into such service."

[2] General Statutes § 31-306 (a) provides in relevant part: "Compensation shall be paid to dependents on account of death resulting from an accident arising out of and in the course of employment or from an occupational disease . . . ."

[3] General Statutes § 31-284 (a) provides: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

[4] The plaintiff testified that Donald Bergin, Jr., did not develop hypertension until after he started working as a correction officer. Donald S. Grossman, a board certified physician in internal medicine, treated Donald Bergin, Jr., for hypertension from 1976 until 1994. Grossman testified that protracted periods of stress from employment could cause hypertension. Grossman also stated that in his opinion, to a reasonable degree of medical certainty, stress from Donald Bergin, Jr.'s job was a substantial factor in causing his hypertension, and the hypertension was a substantial factor in causing his heart attack.

missioner concluded that Bergin was not an employee at the time of his death and, therefore, not eligible for workers' compensation benefits. The commissioner therefore dismissed the plaintiff's claim and declared that the other issues she had raised were moot.[5]

On February 4, 2000, the plaintiff, pursuant to § 31-315,[6] filed a motion to open the December 3, 1999 decision. She argued that the commissioner addressed only her § 5-145a claim and failed to address the remaining claims. The defendant filed a motion in opposition, and the commissioner denied the plaintiff's motion to open on March 8, 2000.

The plaintiff appealed to the board from the commissioner's denial of the motion to open. At the hearing, the plaintiff conceded that she could not prevail on the § 5-145a claim because Bergin died after he retired from his employment with the state. See *Gorman* v. *Waterbury*, 4 Conn. App. 226, 231–32, 493 A.2d 286 (1985). The

[5] The plaintiff failed to file a motion for a correction of finding pursuant to § 31-301-4 of the Regulations of Connecticut State Agencies. The plaintiff, therefore, is unable to challenge the findings of fact on appeal. See *Krevis* v. *Bridgeport*, 63 Conn. App. 328, 334–35, 777 A.2d 196 (2001).

[6] General Statutes § 31-315 provides: "Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter or any transfer of liability for a claim to the Second Injury Fund under the provisions of section 31-349 shall be subject to modification in accordance with the procedure for original determinations, upon the request of either party or, in the case of a transfer under section 31-349, upon request of the custodian of the Second Injury Fund, whenever it appears to the compensation commissioner, after notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement, award or transfer in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

board issued its written decision, denying the plaintiff's appeal.[7] The board limited its review to the commissioner's denial of the motion to open. The board concluded that the commissioner did not abuse his discretion in denying the plaintiff's motion because the commissioner addressed all of the plaintiff's claims for benefits. The board also stated that the plaintiff had failed to provide any medical evidence to a reasonable degree of medical certainty that the decedent's employment activities caused his hypertension and subsequent fatal heart attack. The plaintiff now appeals from the board's decision.

At the outset, we note the limited scope of review that the procedural posture of this case affords us. The plaintiff never filed a motion to correct the findings of the commissioner; therefore, she is unable to challenge those findings now.[8] See *Krevis* v. *Bridgeport*, 63 Conn. App. 328, 334–35, 777 A.2d 196 (2001). Moreover, the plaintiff never directly appealed to the board from the commissioner's dismissal pursuant to General Statutes (Rev. to 1997) § 31-301.[9] Our review, therefore, is limited to the issue of whether the board properly affirmed the commissioner's decision to deny the plaintiff's motion to open.

The defendant argues that the board's decision should be affirmed because § 31-315 is not applicable to this case. Specifically, the defendant contends that

---

[7] In its written decision, the board used the term "motion to reopen." We note that because the decision had never been opened, the appropriate term is a motion to open. See *Tutsky* v. *YMCA of Greenwich*, 28 Conn. App. 536, 537 n.1, 612 A.2d 1222 (1992); *National Iron Bank* v. *Gelormino*, 28 Conn. App. 7, 8 n.1, 609 A.2d 666 (1992).

[8] See footnote 5.

[9] General Statutes (Rev. to 1997) § 31-301 (a) provides in relevant part: "At any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board . . . ."

the plain language of § 31-315 limits its applicability to cases in which there is an "award" or "voluntary agreement" and, in the present case, the commissioner dismissed the plaintiff's claims. We disagree.

We note that "[i]t is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Citations omitted; internal quotation marks omitted.) *Dowling* v. *Slotnik*, 244 Conn. 781, 798, 712 A.2d 396, cert. denied sub nom. *Slotnik* v. *Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998).

Although the issue of whether § 31-315 applies in situations where the commissioner has denied the claim for workers' compensation benefits has not been subjected to judicial review, we recognize that it has been addressed by the board. In *Murray* v. *Black Tie Limousine*, No. 3306 CRB-3-96-3 (August 21, 1997), the commissioner dismissed a claim for benefits after the claimant's attorney failed to appear at the formal hearing. The attorney subsequently filed a motion to open pursuant to § 31-315, which the commissioner granted. The respondent employer and insurer appealed to the board, arguing that § 31-315 applies only in those cases involving an award of compensation or a voluntary agreement, not those in which an order of dismissal was entered. The board disagreed with the respondents' interpretation for several reasons.

First, the board noted that the plain language of the statute grants the commissioner the same power as any

court to open or to modify a judgment in addition to the authority to open an award or voluntary agreement. Furthermore, the board relied on the last sentence of § 31-315, which provides that the commissioner shall retain jurisdiction over "claims for compensation, awards and voluntary agreements" during the entire compensation period. Last, the board observed that § 31-301, which provides an avenue for the direct appeal from an award by the commissioner, does not mention dismissal orders. If the board accepted the respondents' argument, the bizarre result of leaving the claimant without any right to appeal would occur. The board concluded that "it is apparent from a common-sense reading of the statute that 'award' encompasses dismissal orders as well as orders to pay compensation." *Murray* v. *Black Tie Limousine*, supra, No. 3306 CRB-3-96-3. The board reached a similar result in *Aubin* v. *Union City Steel*, No. 03463 CRB-07-96-11 (May 14, 1998).

Although we are not bound by the board's interpretation of § 31-315, we agree with its decisions in *Murray* and *Aubin*. We are mindful of the "principles underlying Connecticut practice in [workers'] compensation cases: that the legislation is remedial in nature . . . and that it should be broadly construed to accomplish its humanitarian purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation." (Internal quotation marks omitted.) *Daubert* v. *Naugatuck*, 71 Conn. App. 600, 608, 803 A.2d 343, cert. granted on other grounds, 261 Conn. 942, 808 A.2d 1135 (2002). We conclude, therefore, that § 31-315 is applicable in cases in which the commissioner has denied benefits to a claimant.

We now address the issue of whether the board properly affirmed the commissioner's decision to deny the plaintiff's motion to open. As a preliminary matter, we

identify the applicable standard of review. The decision to open an award is within the discretion of the commissioner. *Tutsky* v. *YMCA of Greenwich*, 28 Conn. App. 536, 541, 612 A.2d 1222 (1992).

Our Supreme Court has stated that "[a]lthough the commission may modify awards under certain circumstances, its power to do so is strictly limited by statute." *Marone* v. *Waterbury*, 244 Conn. 1, 15, 707 A.2d 725 (1998). "Section 31-315 allows the commission to modify an award in three situations. First, modification is permitted where the incapacity of an injured employee has increased, decreased or ceased, or . . . the measure of dependence on account of which the compensation is paid has changed . . . . The plaintiff has not alleged that either of these contingencies has occurred. Second, the award may be modified when changed conditions of fact have arisen which necessitate a change of [the award]. The plaintiff has pointed to no change of fact necessitating a change in the original award. Third, [t]he commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. This provision extends the commission's power to open and modify judgments to cases of accident . . . to mistakes of fact . . . and to fraud . . . but not to mistakes of law. . . . This provision, however, does not independently confer authority to modify awards for reasons not otherwise enumerated in § 31-315." (Citations omitted; internal quotation marks omitted.) Id., 16–17.

In the present case, the first two situations for which the commissioner has the authority to modify an award are inapplicable. The issue, therefore, is whether the commissioner had the authority under the third ground to open the order of dismissal. Our Supreme Court has stated that "[t]his provision extends the commission's power to open and modify judgments to cases of acci-

dent; *Hayden* v. *Wallace & Sons Mfg. Co.*, 100 Conn. 180, 188, 123 A. 9 (1923); to mistakes of fact; *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 355, 111 A. 193 (1920); and to fraud; *Grabowski* v. *Miskell*, 97 Conn. 76, 84, 115 A. 691 (1921); but not to mistakes of law." *Marone* v. *Waterbury*, supra, 244 Conn. 17. Our review of the record does not reveal any accident, mistake of fact or fraud.

The plaintiff also argues that the principles of equity require the reversal of the board's decision. "In discussing the power to grant equitable relief, our Supreme Court has stated that [c]ourts of equity may grant relief from the operation of a judgment when to enforce it is against conscience, and where the appellant had no opportunity to make defense, or was prevented from so doing by accident, or the fraud or improper management of the opposite party, and without fault on his [or her] own part. . . . Fraud, accident, mistake, and surprise are recognized grounds for equitable interference, when one, without his [or her] own negligence, has lost an opportunity to present a meritorious defense to an action, and the enforcement of the judgment so obtained against him [or her] would be against equity and good conscience, and there is no adequate remedy at law. . . . Equity will not, save in rare and extreme cases, relieve against a judgment rendered as the result of a mistake on the part of a party or his [or her] counsel, unless the mistake is unmixed with negligence . . . . [T]he rule is founded on the necessity of the case; for if it was otherwise, petitions to set aside or enjoin judgments at law would become too common, and a court of equity be compelled generally to revise decisions at law which on legal principles should be final." (Citations omitted; internal quotation marks omitted.) *O'Neil* v. *Honeywell, Inc.*, 66 Conn. App. 332, 338–39, 784 A.2d 428 (2001), cert. denied, 259 Conn. 914, 792 A.2d 852 (2002).

In the present case, the plaintiff failed to file a motion to correct the commissioner's findings or to file a direct appeal from the commissioner's dismissal of the claim for benefits. It appears that the board's decision was a result of the plaintiff's failure to utilize her available procedural options. We conclude, therefore, that the plaintiff is not entitled to equitable relief.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.