RUSSELL KROL *v.* A.V. TUCHY, INC., ET AL.
(AC 33527)

Lavine, Robinson and Bear, Js.

Argued March 20—officially released May 29, 2012

*Laurence V. Parnoff*, with whom, on the brief, was *Staci Kaman*, for the appellant (plaintiff).

*Douglas M. Connors*, with whom, on the brief, was *Samuel I. Reich*, for the appellee (defendant Arrowpoint Capital Corporation).

*Opinion*

BEAR, J. The plaintiff, Russell Krol, appeals from the decision of the workers' compensation review board (board) affirming the decisions of the workers' compensation commissioner[1] (commissioner) denying the plaintiff's motion to open and set aside the stipulated settlement agreement (agreement) entered into

---

[1] In its memorandum of decision, the board, after analyzing the plaintiff's claims on their merits, held that it found no error in the commissioner's decisions and, therefore, affirmed the finding and denial of the commissioner. There is no dispute that the board analyzed and ruled on the merits of the plaintiff's appeal and that it affirmed the decisions of the commissioner, who ruled on the merits of the plaintiff's motions. In addition to affirming the decisions of the commissioner, however, the board also stated that the plaintiff's appeal was dismissed. We conclude that this language was used in error. The fact is that the board's substantive determination did not result in the dismissal of the appeal; the board ruled on its merits and affirmed the decisions of the commissioner, denying the plaintiff's motions. See generally *State* v. *Taylor*, 91 Conn. App. 788, 791 n.3, 882 A.2d 682 (2005) ("There is always a practical difference between [a denial and a dismissal] . . . because one requires a review on the merits and the other does not. Just because a review on the merits does not support the appellant is no reason to conclude that the right to review and the review itself eliminate any difference between a denial and a dismissal."), cert. denied, 276 Conn. 928, 889 A.2d 819 (2005).

between the plaintiff and the defendant A.V. Tuchy, Inc.,[2] and denying the plaintiff's motion to correct the commissioner's findings. On appeal, the plaintiff claims that the board improperly affirmed the commissioner's decisions.[3] We disagree and affirm the decision of the board.

The following facts are not in dispute. The plaintiff suffered a work related injury to his lumbar spine and right knee on April 9, 1998. The defendant accepted compensability and paid benefits to the plaintiff. During the pendency of the workers' compensation case, the plaintiff filed a civil action against Royal & SunAlliance Personal Insurance Company, the defendant's insurer (insurer), in state court. The plaintiff's action against the insurer then was removed to federal court (federal action). In the federal action, the insurer was represented by the law firm of Halloran & Sage. In the workers' compensation case, the defendant was represented by the law firm of Maher & Williams. The parties discussed settlement of the workers' compensation case, but the defendant wanted the plaintiff to withdraw the federal action in consideration of a settlement, and the plaintiff refused. Eventually, the defendant dropped this demand, and the parties successfully negotiated a settlement of the plaintiff's workers' compensation claim for $79,150, without requiring the withdrawal of the federal action. The agreement was approved by the workers' compensation commissioner on December 5, 2006.[4]

---

[2] Also named as a defendant is Arrowpoint Capital Corporation, formerly known as Royal & SunAlliance Personal Insurance Company, the insurer of A.V. Tuchy, Inc. For convenience, however, we refer to A.V. Tuchy, Inc., as the defendant throughout this opinion.

[3] We note that the plaintiff did not provide us with a copy of the December 17, 2010 transcript of the board hearing. We conclude, however, that the transcript of that hearing is not necessary to our resolution of the plaintiff's appeal. We have been provided with a copy of the January 5, 2010 transcript of the hearing before the commissioner.

[4] "A stipulation is a compromise and release type of settlement similar to settlements in civil personal injury cases where a claim is settled with a

On January 10, 2007, the federal court dismissed three of the plaintiff's claims against the insurer in the federal action on the ground that the Workers' Compensation Act (act), General Statutes § 31-275 et seq., provided the exclusive remedy for those claims. On March 14, 2007, the insurer filed a motion for summary judgment[5] on the remaining two counts, which alleged breach of contract and a violation of General Statutes § 31-290c, on the ground that these counts were resolved by the agreement in the workers' compensation case on December 5, 2006. The federal court granted the insurer's motion for summary judgment,[6] and, after the plaintiff appealed from that judgment, the United States Court of Appeals for the Second Circuit affirmed the judgment in an unpublished summary order dated April 28, 2009, holding that the plaintiff's claims against the insurer "either [were] barred by the Workers' Compensation Act exclusivity provision . . . or arise under the

lump sum payment accompanied by a release of the adverse party from further liability. . . . Although the [Workers' Compensation Act (act), General Statutes § 31-275 et seq.] does not explicitly provide for this type of settlement, we have consistently upheld the ability to compromise a compensation claim as inherent in the power to make a voluntary agreement regarding compensation. . . . There are three types of stipulations: (1) a full and final stipulation that closes all aspects of the claim whether they are for past, present or future wages and medical expenses, known and unknown; (2) a stipulation to date that is used to close out only a portion of a claim with the remainder left open or that is used to close out an entire claim but only up to a certain date; and (3) an open medical stipulation that closes all aspects of the claim except for medical expenses that are related to the accident or the disease." (Citation omitted; internal quotation marks omitted.) Rodriguez v. State, 76 Conn. App. 614, 616 n.2, 820 A.2d 1097 (2003).

"[A]pproval of . . . a stipulation by the commissioner is not an automatic process. It is his function and duty to examine all the facts with care before entering an award, and this is particularly true when the stipulation presented provides for a complete release of all claims under the [act]." (Internal quotation marks omitted.) Id., 616 n.4.

[5] We note that the commissioner incorrectly referred to this motion as a motion to dismiss.

[6] The commissioner incorrectly stated that the federal court dismissed the plaintiff's remaining claims. The federal court actually granted summary judgment on these counts of the complaint.

Workers' Compensation Act and [were] released by the plain text of the workers' compensation settlement agreement . . . ." *Krol* v. *Royal & SunAlliance Personal Ins. Co.*, 324 Fed. Appx. 54 (2d Cir. 2009) (unpublished summary order).

The plaintiff, pursuant to General Statutes § 31-315,[7] filed a motion, dated May 5, 2009, with the workers' compensation commissioner seeking to open and set aside the agreement on the ground of fraudulent misrepresentation.[8] On June 8, 2010, the commissioner denied the plaintiff's motion to open and set aside, holding that the plaintiff had failed to sustain his burden of proof. On June 14, 2010, the plaintiff filed a "motion to correct findings and award" with the commissioner. He requested that fifty new or corrected findings be made to the findings in the commissioner's June 8, 2010 denial of the plaintiff's motion to open and set aside the agreement. On June 14, 2010, the plaintiff filed a petition for review with the board. The plaintiff's preliminary

---

[7] General Statutes § 31-315 provides in relevant part: "Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter . . . shall be subject to modification in accordance with the procedure for original determinations, upon the request of either party . . . whenever it appears to the compensation commissioner, after notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement, award or transfer in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

[8] The parties, the commissioner and the board improperly used the term "motion to reopen." We note, as we have previously, that because the decision of the commissioner never had been opened after having been rendered, the appropriate term is a motion to open. See *Rodriguez* v. *State*, 76 Conn. App. 614, 617 n.5, 820 A.2d 1097 (2003).

reasons for appeal to the board included the commissioner's denial of the motion to open and set aside the agreement and the commissioner's possible denial in the future of some or all of the proposed facts set forth in the plaintiff's June 14, 2010 motion to correct. On June 22, 2010, the commissioner denied the plaintiff's motion to correct in its entirety. The plaintiff then filed an amended appeal statement, dated June 23, 2010, which included as a reason for appealing to the board the commissioner's denial of the plaintiff's motion to correct.

The board heard the plaintiff's appeal on December 17, 2010, and it issued a decision on June 1, 2011, affirming the commissioner's denial of the plaintiff's motion to open and set aside the agreement and concluding that the commissioner did not abuse his discretion in denying the plaintiff's motion to correct. This appeal followed.

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Marandino* v. *Prometheus Pharmacy*, 294 Conn. 564, 572, 986 A.2d 1023 (2010).

I

On appeal, the plaintiff claims that the board improperly affirmed the decision of the commissioner denying the plaintiff's motion to open and set aside the agreement. The plaintiff claims that the commissioner and the board ignored facts that constituted fraudulent

misrepresentation and mutual mistake in the defendant's securing of the parties' agreement. We are not persuaded.

"The decision to open an award is within the discretion of the commissioner. . . . [A]lthough the commission[er] may modify awards under certain circumstances, [his] power to do so is strictly limited by statute." (Citation omitted; internal quotation marks omitted.) *Bergin* v. *Dept. of Correction*, 75 Conn. App. 591, 598, 817 A.2d 136, cert. denied, 264 Conn. 903, 823 A.2d 1220 (2003). Pursuant to § 31-315, the commissioner, inter alia, "ha[s] the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. This provision extends the commission[er]'s power to open and modify judgments to cases of accident . . . to mistakes of fact . . . and to fraud . . . but not to mistakes of law." (Citations omitted; internal quotation marks omitted.) *Jones* v. *Redding*, 296 Conn. 352, 369, 995 A.2d 51 (2010).

"The kind of mistake that would justify the opening of a stipulated judgment [or award] . . . must be mutual; a unilateral mistake will not be sufficient to open the judgment [or award]. . . . This court has defined a mutual mistake as one that is common to both parties and effects a result that neither intended. . . . Whether there has been such mistake is a question of fact." (Citations omitted; internal quotation marks omitted.) *Rodriguez* v. *State*, 76 Conn. App. 614, 625, 820 A.2d 1097 (2003).

"[T]he essential elements of fraud are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. . . . All of these ingredients must be found to exist. . . . Finally, [t]he party

claiming fraud . . . has the burden of proof. . . . Whether that burden has been met is a question of fact that will not be overturned unless it is clearly erroneous." (Internal quotation marks omitted.) *Trumbull* v. *Palmer*, 123 Conn. App. 244, 257, 1 A.3d 1121, cert. denied, 299 Conn. 907, 10 A.3d 526 (2010).

In considering what proof must be offered to support the opening of an award on the basis of fraud, we look to analogous situations where a party is attempting to open and set aside a stipulated judgment in the Superior Court. See generally *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 260 Conn. 766, 778, 802 A.2d 44 (2002). In the context of marital dissolutions, Connecticut courts have recognized "that fraud may arise when one party accepts a stipulation based on a fraudulent representation by the other party; see *Billington* v. *Billington*, 220 Conn. 212, 217–18, 595 A.2d 1377 (1991) . . . . [T]he . . . remedy available to the defrauded party in such a situation . . . is to have the court open and reconsider the judgment as a matter of equity. A marital judgment based upon a stipulation may be opened if the stipulation, and thus the judgment, was obtained by fraud. Id.; see *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 131, 429 A.2d 837 (1980). A court will open a marital judgment secured by fraud if: (1) there was no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there is clear proof of the perjury or fraud; and (3) there is a substantial likelihood that the result of the new trial will be different. See *Billington* v. *Billington*, supra, 218." (Internal quotation marks omitted.) *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, supra, 778. We are persuaded that the commissioner should employ a similar standard in considering a motion to open and set aside a stipulated award on the basis of fraud in the workers' compensation context.

In the present case, the plaintiff argues that, on March 14, 2007, the insurer moved for summary judgment in the federal court on the improper ground that the remaining claims in the federal action were barred by the December 5, 2006 settlement agreement in the workers' compensation case. He argues that the agreement in the workers' compensation case did not require that the federal action be withdrawn and that, because the insurer's motion for summary judgment alleged that the federal action was barred by or covered by the agreement, the agreement was either procured by fraud or there was a mutual mistake. Our review of the record does not support the plaintiff's contention that the commissioner erroneously found that the agreement was not the result of mutual mistake of fact or fraud that occurred in the settlement process of the workers' compensation case.

The language in the stipulated settlement agreement clearly demonstrates the intent of the parties to settle "any and all claims which [the plaintiff] may now have or hereafter may have against the [defendant] under the Workers' Compensation Act . . . whether said claims . . . have now accrued or may hereafter accrue . . . ." Furthermore, the commissioner found the testimony of the defendant's attorney to be credible, and he found that the defendant did not procure the agreement through fraud or misrepresentation. Our review of the agreement does not reveal any language that prohibited the insurer from defending against the federal action or moving for summary judgment in that case. Moreover, the record does not reveal any mutual mistake of fact regarding the agreement, nor does the plaintiff point to a material factual mistake that was shared by all parties. The plaintiff's argument focuses on the insurer's defense tactics in the federal action, but the propriety of the agreement is not dependent on what occurred subsequently in the federal court after the

parties had entered into and received the commissioner's approval of the terms of the agreement. At the time of the acceptance of the agreement, the terms were known and approved by all parties and the commissioner, and none of the terms barred further proceedings in the federal action. We conclude, therefore, that the board properly affirmed the commissioner's decision to deny the plaintiff's motion to open and set aside the agreement.

II

The plaintiff also claims that the board improperly affirmed the decision of the commissioner denying the plaintiff's motion to correct the commissioner's findings in his June 8, 2010 denial of the plaintiff's motion to open and set aside the parties' agreement. We do not agree.

"It is the quintessential function of the finder of fact to reject or accept evidence and to believe or disbelieve any expert testimony." (Internal quotation marks omitted.) *Chesler* v. *Derby*, 96 Conn. App. 207, 218, 899 A.2d 624, cert. denied, 280 Conn. 909, 907 A.2d 88 (2006). "We will not change the finding of the commissioner unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. . . . It [is] the commissioner's function to find the facts and determine the credibility of witnesses . . . and a fact is not admitted or undisputed merely because it is uncontradicted. . . . A material fact is one that will affect the outcome of the case. . . . Thus, a motion to correct is properly denied when the additional findings sought by the movant would not change the outcome of the case." (Citation omitted; internal quotation marks omitted.) *Testone* v. *C. R. Gibson Co.*, 114 Conn. App. 210, 222, 969 A.2d 179, cert. denied, 292 Conn. 914, 973 A.2d 663 (2009).

In this case, the plaintiff requested that fifty new or corrected findings be made to the commissioner's June 8, 2010 denial of the plaintiff's motion to open and set aside the agreement. The commissioner denied the motion in its entirety, and the board affirmed that decision. In the present appeal, the plaintiff does not set forth which of his proposed findings the commissioner improperly denied, nor does he cite to any part of the record that might support his contention that some or all of the commissioner's findings were improper or unsupported. Accordingly, we conclude that the board properly affirmed the commissioner's denial of the plaintiff's motion to correct.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.