## DONNA WIKANDER *v.* ASBURY AUTOMOTIVE GROUP/DAVID MCDAVID ACURA ET AL.
### (AC 33891)

Lavine, Bear and Pellegrino, Js.

Argued May 18—officially released August 28, 2012

*Timothy G. Zych*, with whom, on the brief, was *Allison M. Ruiz*, for the appellants (defendants).

*Matthias J. DeAngelo*, with whom, on the brief, was *Thomas Gavin Cotter*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The question in this case is whether, pursuant to the proviso set forth in General Statutes § 31-294c (a), the one year or the two year filing period applies to a dependent's claim for workers' compensation benefits when an employee suffers a work-related accident and dies on the same day. The defendants, Asbury Automotive Group/David McDavid Acura (Asbury) and its insurer, Travelers Indemnity Company, appeal from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner for the fourth district (commissioner) awarding benefits to the plaintiff, Donna Wikander, the widow of Thomas Wikander.[1] On appeal, the defendants claim that the board erred

---

[1] In its memorandum of decision, the board, after analyzing the defendants' claims on their merits, held that it found no error in the commissioner's decision and, therefore, affirmed the finding and award of the commissioner. In addition to affirming the decision of the commissioner, however, the board also stated that the defendants' appeal was dismissed. We conclude that this language was used in error. As we stated in *Krol* v. *A.V. Tuchy, Inc.*, 135 Conn. App. 854, 855 n.1, 44 A.3d 185 (2012), "[t]he fact is that the board's substantive determination did not result in the dismissal of the appeal; the board ruled on its merits and affirmed the [decision] of the commissioner . . . ."

in affirming the decision of the commissioner, who had found that the plaintiff's claim for benefits, pursuant to § 31-294c (a), was timely despite having been filed more than one year from the fatal injury of Thomas Wikander. We affirm the decision of the board.

The following uncontested facts, as found by the commissioner, are relevant to this appeal. Thomas Wikander was employed by Asbury on September 25, 2007, when he suffered a fatal heart attack while on a business trip in Texas. The medical examiner in Texas, William B. Rohr, determined that Thomas Wikander's conditions of employment had created considerable stress for him and that work-related stress had been a "major contributing factor to [his] sudden death . . . ." The plaintiff filed a claim for workers' compensation benefits in Texas in 2008, but she did not pursue that claim to judgment because she was told by an attorney that Texas did not allow workers' compensation benefits for heart attacks. On April 14, 2010, Edward J. Kosinski, a cardiologist with an office in Bridgeport, concurred with the determination of Rohr that there was a causal link between the work-related stress suffered by Thomas Wikander and his fatal heart attack.

On September 15, 2009, the plaintiff filed a form 30D seeking to collect benefits in Connecticut. The defendants, however, did not file a form 43 to contest liability on the claim. Accordingly, on November 13, 2009, the plaintiff filed a motion to preclude the defendants from contesting liability. The defendants responded by arguing that the denial of liability that they had filed in the plaintiff's Texas case was sufficient to comply with § 31-294c. They also argued that the commissioner lacked subject matter jurisdiction over the plaintiff's claim for benefits because it was untimely. The commissioner did not agree with either of the defendants' arguments. Accordingly, the commissioner precluded the defendants from contesting liability, and he found that

the plaintiff's claim was timely, having been filed within two years of Thomas Wikander's death.[2] The defendants appealed to the board from the commissioner's decision. Following the board's affirmance of that decision, the defendants filed the present appeal.

On appeal, the defendants claim that the commissioner was without subject matter jurisdiction because the plaintiff's claim for benefits was untimely. They argue that, if an employee dies on the day of the work-related accident, as in the present case, death does not result *"within* two years *from* the date of the accident," but, instead, death results *on* the date of the accident, and the proviso language of § 31-294c (a) does not apply. (Emphasis added.) We conclude that acceptance of the defendant's argument would create an untenable result in cases of work-related accidental injury, when the injured employee dies on the day of the accident, that was not intended by our legislature. We further conclude that the board's affirmance of the commissioner's decision was proper.

"Under our well established standard of review, [w]e have recognized that [a]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding

---

[2] We note that although the defendants failed to file a form 43 and, thus, were precluded from contesting their liability to the plaintiff, our Supreme Court has determined that "the conclusive presumption cannot bar defenses related to the commissioners' subject matter jurisdiction under the Workers' Compensation Act. See *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988) (employer not barred from contesting employer-employee relationship); *Del Toro* v. *Stamford*, 270 Conn. 532, 547, 853 A.2d 95 (2004) (employer not barred from contesting whether injury for which compensation is sought is covered); see also *Infante* v. *Mansfield Construction Co.*, 47 Conn. App. 530, 534–35, 706 A.2d 984 (1998) (employer not barred from contesting timely initiation of claim)." *Harpaz* v. *Laidlaw Transit, Inc.*, 286 Conn. 102, 117 n.11, 942 A.2d 396 (2008).

whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that . . . deference . . . to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Internal quotation marks omitted.) *Harpaz* v. *Laidlaw Transit, Inc.*, 286 Conn. 102, 108–109, 942 A.2d 396 (2008).

Section 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident . . . which caused the personal injury, provided, if death has resulted within two years from the date of the accident . . . a dependent or dependents . . . may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. . . ."

"Under General Statutes § 31-306 (a), a dependent of a deceased employee is entitled to survivor's benefits when that employee has died 'from an accident arising out of and in the course of employment . . . .'[3] Eligibility for those benefits, however, is conditioned upon compliance with . . . § 31-294c (a) . . . ." *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, 265 Conn. 525, 533, 829 A.2d 818 (2003). "Although we repeatedly have observed that our workers' compensation legislation is remedial in nature . . . and . . . should be broadly construed to accomplish its humanitarian purpose . . . the written notice required under § 31-294c (a) nevertheless must reasonably inform the employer that the

---

[3] Specifically, § 31-306 (a) provides in relevant part: "Compensation shall be paid to dependents on account of death resulting from an accident arising out of and in the course of employment or from an occupational disease . . . ."

employee [or dependent] is claiming or proposes to claim compensation under the [Workers' Compensation] Act. . . . It is well established, moreover, that a [timely] notice of claim or the satisfaction of one of the . . . exceptions [contained in § 31-294c (c)] is a prerequisite that conditions whether the commission[er] has subject matter jurisdiction under the [Workers' Compensation] [A]ct." (Citations omitted; internal quotation marks omitted.) Id., 534.

In this case, it is not disputed that Thomas Wikander suffered a fatal heart attack and died on September 25, 2007, that the plaintiff filed a notice of claim on September 15, 2009, nearly two years after Thomas Wikander's death, but clearly within the two year filing period under § 31-294c (a), if applicable, and that the defendant did not file a form 43 to contest liability. The question with which we are presented is whether the legislature intended to limit a dependent filing a notice of claim to one year in the case where an accidental injury and death occur on the same day, while allowing at least two years to file such notice if death occurs at least one day after the date of the work-related accidental injury. The defendants argue that under Connecticut law, we generally do not count the first day of an event when calculating time. For example, when calculating "two years from the date of the accident," one would not begin to calculate the running of the two year period until the day *after* the work-related accident, because, unless the accident and death occurred at 12:01 a.m., the day of the accident is a partial day, and not a full day. Therefore, the defendants argue, Thomas Wikander did not die "within" two years "from" the date of the accident; he died *on the day of* the accident, and the proviso language set forth in § 31-294c (a) does not apply to this case. They argue that the commissioner should have resorted to the filing period set forth earlier in the

statute, which is one year. See General Statutes § 31-294c (a) ("[n]o proceedings for compensation under the provisions of this chapter shall be maintained *unless a written notice of claim for compensation is given within one year from the date of the accident . . .* which caused the personal injury" [emphasis added]). The plaintiff argues that such a construction lacks common sense and would lead to a bizarre result, namely, if an employee is injured at work and dies at 11:59 p.m. on the day of the injury, his dependent would have one year within which to file a claim for benefits because the proviso portion of § 31-294c (a) would not apply, but, if the employee were able to survive until 12:01 a.m. the next day or some time thereafter, his dependent would have two years to file a claim because the proviso portion of § 31-294c (a) would apply. See General Statutes § 31-294c (a) ("provided, if death has resulted within two years from the date of the accident . . . the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later"). We agree that the defendants' construction would lead to an untenable result, and we conclude that the legislature did not intend a different and shorter filing period for the dependents of those employees who suffer a work-related accidental injury and die as a result thereof on the date of the accident. See generally *Chambers* v. *Electric Boat Corp.*, 283 Conn. 840, 844, 930 A.2d 653 (2007) (workers' compensation legislation is remedial in nature, has humanitarian purpose and should be construed broadly); *Fredette* v. *Connecticut Air National Guard*, 283 Conn. 813, 821–22, 930 A.2d 666 (2007) (plain and unambiguous text of statute should not be read in manner that leads to absurd or unworkable results; we presume legislature intended just and rational results when enacting legislation).

The defendants are correct in arguing that, for purposes of determining when a filing period runs, we

generally do not count the first day, the day of the act. See *Alliance Partners, Inc.* v. *Voltarc Technologies, Inc.*, 263 Conn. 204, 212, 820 A.2d 224 (2003) ("[i]n determining the last day for filing papers, the last day is included and the first day is not" [internal quotation marks omitted]); *Krajniak* v. *Wilson*, 157 Conn. 126, 130, 249 A.2d 249 (1968) ("our usual rule [requires] that the day of the date, or the day of the act from which a future time is to be ascertained, is to be excluded from the calculation" [internal quotation marks omitted]). In this case, however, we are not attempting to ascertain the last day for filing a claim, because the defendants have not contested that if the two year period applies, the claim is timely; instead, we are determining whether the plaintiff's claim was filed "within two years from the date of the accident" as set forth in § 31-294c (a). "[T]he purpose of a date of injury in a *notice of claim* is distinct from the purpose of a date of injury with regard to a *statute of limitations*. . . . [T]he purpose of requiring a date of injury in a notice of claim is to allow the employer to make a timely investigation of the claim . . . . In contrast, the purpose of a date of injury with regard to a statute of limitations is to determine when that [limitation] period begins to run." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 616, 748 A.2d 278 (2000).

We conclude that the work-related injury and death of Thomas Wikander occurred "within two years from the date of the accident" because that phrase implicitly encompasses those employees who died *on* the date of the accident. "It is a fundamental principle of statutory construction that courts must interpret statutes using common sense and assume that the legislature intended a reasonable and rational result." *Longley* v. *State Employees Retirement Commission*, 284 Conn. 149, 171–72, 931 A.2d 890 (2007). When we can ascertain

"no logical reason why the legislature would embrace . . . a policy [that appears to us to be irrational], we will not lightly presume that it intended to do so. See, e.g., *Connelly* v. *Commissioner of Correction,* 258 Conn. 394, 407, 780 A.2d 903 (2001) ('[t]he unreasonableness of the result obtained by the acceptance of one possible alternative interpretation of an act is a reason for rejecting that interpretation in favor of another which would provide a result that is reasonable')." *Longley* v. *State Employees Retirement Commission,* supra, 173–74.

"Within," as defined in the Merriam-Webster's Collegiate Dictionary (11th Ed. 2003), means in relevant part: "[1] before the end of . . . [2] not beyond the . . . limitations of . . . [and] [3] in or into the range of . . . ." See also *First Federal Savings & Loan Assn. of Rochester* v. *Pellechia,* 37 Conn. App. 423, 426, 656 A.2d 688 ("[t]he meaning of [the word] within is not longer in time than [and] . . . not later than" [citation omitted]), cert. granted on other grounds, 234 Conn. 905, 659 A.2d 1206 (1995) (appeal withdrawn February 5, 1996). It is beyond dispute that the plaintiff filed her notice of claim before the end of, not beyond the limitations period of, not longer in time than and prior to two years from the date of Thomas Wikander's accident, the fatal heart attack. We agree with the board that the plain meaning of § 31-294c (a) makes the plaintiff's claim, filed within two years after his death, jurisdictionally valid.

Insofar as the defendants' argument also might be construed as acknowledging that the proviso language applies, but arguing, nonetheless, that the "or one year from the date of death" language controls in this case, we also reject such a contention. The proviso language of § 31-294c (a) provides in relevant part that "provided, if death has resulted within two years from the date of the accident . . . the legal representative of the deceased employee, may make claim for compensation

within the two-year period or within one year from the date of death, whichever is later. . . ." We already have determined that an employee who suffers a work-related injury and dies as a result thereof on the same day, dies "within two years from the date of the accident . . . ." His or her legal representative then "may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. . . ." We conclude that, in order to agree with the defendant's contention, we would have to ignore the plain language of the statute that gives the dependent the later of the two applicable periods to file a claim for benefits.

After considering the plain language of the statute, we conclude that the proviso language of § 31-294c (a) means that the dependent, after the death of the employee who had to have died within two years of the accident or the first manifestation of a symptom of an occupational disease for the proviso to be applicable, has the later of either the two year period after the employee's death or one year from the date of the employee's death to file a claim for benefits. This conclusion follows from and is consistent with our Supreme Court's statutory analysis set forth in *Fredette* v. *Connecticut Air National Guard*, supra, 283 Conn. 813. In *Fredette*, our Supreme Court considered whether a dependent could utilize the three year occupational disease claim period set forth in the initial portion of § 31-294c (a) or whether the dependent was precluded from filing a claim because the employee had not died within two years of the first manifestation of his symptoms, and, therefore, the proviso language did not apply. See id., 815–16, 836–37. The court concluded that, if an employee had not yet made a claim for occupational disease benefits, the dependent's claim would be timely if it satisfied the time parameters of either clause of the statute, depending on whether the employee had

died within two years of the accident or first manifestation of symptoms. See id., 837–38.

As explained by our Supreme Court in *Fredette*, "[d]uring the 1920s, the legislature made two significant changes to the predecessor to § 31-294c (a). First, the legislature established different triggering events for the commencement of the limitations period based on whether the compensable injury resulted from an accident or an occupational disease. . . . Second, the legislature added the first version of the proviso . . . which *expanded the limitations period from one to two years for claims of dependents in cases wherein the employee had not filed a claim.*" (Citations omitted; emphasis added.) Id., 827. "At the close of that decade the amended statute of limitations provided in relevant part: 'No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation shall be given within one year from the date of the accident or from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, *provided, if death shall have resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents may make claim for compensation within said two-year period . . . .*'" (Emphasis in original.) Id., 827–28.

The court further explained that "the legislature introduced the proviso, not as a condition precedent for the commencement of dependents' claims, but rather to articulate a modified—at the time, extended—limitations period for the commencement of such claims. The proviso served as an exception to the underlying one year limitations period for cases in which the employee had, during his lifetime, failed to satisfy that one year limitations period, but still had died within the two year period for which dependents' claims were compensable

under the predecessor to § 31-306. . . . In other words, for dependents with claims under the predecessor to § 31-306, for 'death resulting from accident or an occupational disease within two years from the date of the accident or first manifestation of a symptom of the occupational disease' . . . the proviso expanded the limitations period of the predecessor to § 31-294c (a) from one year to 'said two-year period . . . .' " (Citations omitted.) Id., 828–29.

After some additional changes to the predecessor of § 31-294c (a), which did not include changes to the proviso language; see id., 829–30; the legislature, in 1959, "modified the proviso's two year limitations period for dependents' claims to prescribe that the later of two periods would apply: (1) two years from the accident or first manifestation of the employee's occupational disease; or (2) one year from the employee's date of death. . . . Prior to 1959, if an employee, who had not filed a claim during his lifetime and were to die exactly one day short of two years after his diagnosis, his dependents would have had only one day in which to file their claims. The 1959 amendment, however, provided the dependents in such a case one year from the date of death to file a claim.

"Two years later, the legislature moved into the proviso of § 31-294c (a) that part of the statute that previously had authorized dependents or legal representatives of employees to file claims in cases of fatal injuries. . . . The amended statute provided in relevant part: '[I]f death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within such two-year period or within one year from the date

of death, whichever is later.' "[4] (Citations omitted.) Id., 830–31.

As explained in *Fredette*, the legislature added the additional "one year from the date of death" language to correct the problem that existed when an employee died nearly two years after the date of the accidental injury, or from the first manifestation of a symptom of the occupational disease, which gave the dependent only days within which to file a timely claim to be within the two year statute of limitations. The additional one year period meant that, when an employee died within two years from the date of the accident, the dependent had *at least* one year to file a claim following the employee's death. "[T]he legislature originally crafted the proviso of § 31-294c (a) as an *expansion of the underlying one year limitations period* for cases in which the employee had, during his lifetime, failed to satisfy the underlying statute of limitations but still had died relatively 'swiftly' . . . namely, within two years of the injury."[5] (Citation omitted; emphasis added.) Id., 834.

[4] The legislature further amended the statute of limitations regarding occupational disease; however, "[t]he operation of the proviso with regard to accident claims was not affected by the 1980 amendment, which only increased the underlying limitations period for claims involving occupational disease." *Fredette* v. *Connecticut Air National Guard*, supra, 283 Conn. 834 n.17.

[5] Explaining the proviso language of § 31-294c (a) and the court's analysis in *Fredette*, the workers' compensation law section of the Connecticut Practice Series explains: "The Court [in *Fredette*], painstakingly examining the history of the provision, held that the provision did not shorten the time for filing a survivor's claim, but rather was intended to give survivors additional time for filing claims beyond the one-year period from the date of the injury or first manifestation; this one-year period also applied to occupational diseases until 1980, when the statute was amended to allow three years from the first manifestation, rather than one year, for the filing of claims in occupational disease cases. After 1980, the proviso is essentially inapplicable to occupational disease claims, since the three-year period from the date of the first manifestation will always be longer than or coincident with the time provided by the proviso. The proviso continues, however, to provide an extended period for survivors' claims for deaths from accidental injuries."

We conclude that the plain language of § 31-294c (a) dictates that, if an employee is claiming an injury as a result of a work-related accident, the employee has one year to file a claim for benefits. If an employee is claiming a work-related occupational disease, the employee has three years from the first manifestation of that disease to file a claim for benefits. If, however, the employee dies within two years of the accident or the first manifestation of symptoms of an occupational disease and the employee's dependent is filing a claim for benefits, the proviso language of § 31-294c (a) applies, and the dependent has two years to file a claim for benefits *or* has one year from the date of the employee's death, *whichever is longer.* Pursuant to our Supreme Court's holding in *Fredette,* however, if the employee dies more than two years after the first manifestation of symptoms related to an occupational disease without ever having filed a claim for benefits, the employee's dependent has the time remaining of the three years after the first manifestation of symptoms to file a claim, and the proviso language does not apply in such cases. See id., 815–16, 836–37.

In the present case, the defendants failed to file a form 43 contesting their liability for Thomas Wikander's fatal heart attack. Accordingly, it is presumed that his heart attack was a work-related accidental injury, which caused his death on the same day as the accident. The plaintiff, his dependent, therefore, pursuant to the proviso language of § 31-294c (a), had the two year period to file a claim for benefits; see id., 834 ("legislature originally crafted the proviso of § 31-294c (a) as an expansion of the underlying one year limitations period"); and she properly did so.

R. Carter et al., 19 Connecticut Practice Series: Workers' Compensation (2011) § 18:7.

The decision of the workers' compensation review board is affirmed.

In this opinion PELLEGRINO, J., concurred.

LAVINE, J., concurring. I concur in the majority's result but write separately to echo the concerns about the lack of clarity in General Statutes § 31-294c (a) expressed by our Supreme Court in *Fredette* v. *Connecticut Air National Guard*, 283 Conn. 813, 839, 930 A.2d 666 (2007), to wit: "We have attempted in this case to answer the specific question before us and, in the process, to make sense of a complex statutory scheme that presents gaps and internal inconsistencies in its treatment of the time limits for death claims resulting from occupational diseases. We, therefore, urge the legislature to address these gaps and inconsistencies, because this is an area that, to the extent feasible, should be addressed by the specific statutory language rather than by judicial interpretation." Although this case concerns an accident that allegedly caused the worker's death on the same day in which no notice was filed by any party within one year of the accident, the proviso portion of § 31-294c (a) is problematic as it melds the time in which a claim for dependent benefits must be filed for both accidental and occupational disease cases. I respectfully suggest that the legislature may wish to consider clarifying the statute by stating, in separate sentences or provisions, the limitation period or periods within which to file claims for an injury that causes a worker to die on the date of the accident, deaths that occur as a result of the accident but not on the date of the accident and deaths arising from occupational diseases.

The language of the statute that is particularly troubling is "a written notice of claim for compensation is

given within one year *from* the date of the accident . . . ." (Emphasis added.) General Statutes § 31-294c (a). It is not clear what, if any, is the difference between "one year from" and "one year of" the accident.

To apply the proviso portion of § 31-294c (a) under the facts of this case, that is where death occurs on the same day as the accident, vitiates one of the salutary purposes of the workers' compensation scheme. "It is clearly intended by the [Workers' Compensation] Act in general, that a speedy determination of the rights of the contending parties should be had by a procedure simple and easily understood.

"It is intended that the employee should know what compensation he or his dependents would receive in the event of injury, and that payment should be made speedily by a procedure at once simple and inexpensive. It is intended that the employer should know his liability in this regard, and so might include it among the items charged to operation." (Internal quotation marks omitted.) *Tolli* v. *Connecticut Quarries Co.*, 101 Conn. 109, 116, 124 A. 813 (1924).

For the foregoing reasons, I respectfully concur in the majority opinion.