LIRIJE DAUTI ET AL. *v.* LIGHTING
SERVICES, INC., ET AL.
(AC 33441)

Lavine, Beach and Dupont, Js.

Argued February 2—officially released September 4, 2012

*David A. Kelly*, with whom, on the brief, was *Sean Reidy*, for the appellants (defendants).

*Eddi Z. Zyko*, for the appellees (plaintiffs).

### Opinion

BEACH, J. The defendants, Lighting Services, Inc. (Lighting Services), and Peerless Insurance Company, appeal from the decision of the workers' compensation review board (board), claiming that the board improperly concluded that the plaintiffs'[1] notice of claim was

---

[1] The plaintiffs are Lirije Dauti, the dependent spouse of Zejadin Dauti (decedent), Kenan Dauti, administrator of the estate of Alban Dauti, who was the dependent son of the decedent, and Tashgur Dauti, the administrator of the decedent's estate.

timely filed under General Statutes § 31-294c (a).[2] We disagree with the defendants and therefore affirm the decision of the board.

The following facts, as found by the workers' compensation commissioner (commissioner), are relevant to this appeal. Zejadin Dauti (decedent) was employed by Lighting Services when, on September 28, 2000, he suffered a fatal heart attack while performing services for his employer at a supermarket in East Hartford.[3] The commissioner found that neither a form 30C[4] nor a form 30D[5] was filed in this matter and that no hearing was requested, scheduled or held within one year of September 28, 2000. The plaintiffs' counsel filed notice of the plaintiffs' claims under General Statutes § 31-306 (a),[6] by letter dated January 30, 2002. The defendants filed a form 43[7] dated February 13, 2002.

The commissioner held a formal hearing on November 5 and December 28, 2009, and the record was closed

[2] General Statutes § 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident . . . provided, if death has resulted within two years from the date of the accident . . . the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. . . ."

[3] The decedent was employed as a master electrician. The defendants do not dispute that the decedent suffered a heart attack during the course of his employment, but they deny that the heart attack arose out of the course of the decedent's employment.

[4] Form 30C is entitled "Notice of Claim for Compensation (Employee to Commissioner and to Employer)."

[5] Form 30D is entitled "Dependent's Notice of Claim (To Commissioner and to Employer)."

[6] General Statutes § 31-306 (a) provides in relevant part: "Compensation shall be paid to dependents on account of death resulting from an accident arising out of and in the course of employment or from an occupational disease . . . ."

[7] Form 43 is entitled "Notice to Compensation Commissioner and Employee of Intention to Contest Employee's Right to Compensation Benefits."

on March 31, 2010. The commissioner issued his ruling on April 28, 2010. On the basis of the evidence before him, the commissioner found that the plaintiffs had failed to file a notice of claim within one year of the decedent's death, thereby failing to meet the requirements of § 31-294c (a) and that they had failed to demonstrate that one of the jurisdictional exceptions in § 31-294c (c) applied. The commissioner concluded, therefore, that the workers' compensation commission (commission) lacked subject matter jurisdiction and dismissed the plaintiffs' claims. The plaintiffs filed a motion to correct the finding and award, which the commissioner denied.

The plaintiffs then, on May 13, 2010, filed a petition for review with the board. On April 25, 2011, the board issued its decision, concluding that the commissioner incorrectly had determined that the commission lacked subject matter jurisdiction over the plaintiffs' claims. The board found that the plain meaning of § 31-294c, as construed in its prior decision, *Merenski* v. *Greenwich Hospital Associates, Inc.*, No. 4292 CRB-7-00-9 (September 12, 2001), provides for a two year time limitation from a worker's death to file claims under § 31-306, which time limitation the plaintiffs met.[8]

---

[8] The board also stated that much of the plaintiffs' appeal was based on their belief that the "medical care exception" under the notice statute was met. See General Statutes § 31-294c (c). The board declined to address that issue as it concluded that the commissioner had decided the matter under an incorrect application of the notice requirements pursuant to § 31-294c (a).

On appeal, pursuant to Practice Book § 63-4 (a) (1), the plaintiffs claim that the board's decision can be affirmed on the alternative ground that the commissioner improperly found that they had failed to meet their burden of proving the medical care exception under § 31-294c (c). The defendants argue, however, that we may not address the plaintiffs' alternative basis to affirm the board's decision because the commissioner did not make the requisite findings of fact and the board failed to consider the exception. We agree with the defendants that the record is inadequate for our review of the plaintiffs' alternative ground to affirm the board's decision. See Practice Book § 61-10.

The defendants appealed to this court, claiming that the board improperly reversed the commissioner's finding and award, which concluded that the plaintiffs failed to file a notice of claim within the applicable time set forth in § 31-294c (a). We disagree with the defendants and affirm the decision of the board.

The precise issue raised by the defendants in this appeal was considered and decided in *Wikander* v. *Asbury Automotive Group/David McDavid Acura*, 137 Conn. App. 665, 50 A.3d 901 (2012). We agree with the reasoning and the result of the majority in that case; the language of § 31-294c (a) is plain and unambiguous and provides for a two year limitation period when death occurs on the same day as the accident that caused the death. We see no reason to belabor the point further.

The decision of the workers' compensation review board is affirmed.

In this opinion DUPONT, J., concurred.

LAVINE, J., concurring. I concur in the majority's result, but I do not believe that General Statutes § 31-294c (a) is clear and unambiguous.[1] I again want to draw attention to the concerns expressed by our Supreme Court in *Fredette* v. *Connecticut Air National Guard*, 283 Conn. 813, 839, 930 A.2d 666 (2007) (urging legislature to address gaps and inconsistencies in statute). See *Wikander* v. *Asbury Automotive Group/David McDavid Acura*, 137 Conn. App. 665, 679, 50 A.3d 901 (2012) (*Lavine, J.*, concurring). Although the worker in this case died on the date of the alleged work-related accident and no notice was filed by any party within

---

[1] My concerns are set forth more fully in *Wikander* v. *Asbury Automotive Group/David McDavid Acura*, 137 Conn. App. 665, 679, 50 A.3d 901 (2012) (*Lavine, J.*, concurring). *Wikander* also is a case in which the worker suffered an alleged work-related heart attack and died the same day. Id., 667.

one year from the date of the accident, the plaintiffs' action is saved by the proviso portion of § 31-294c (a). I believe that the proviso portion of the statute is problematic as it melds the time in which a claim for benefits must be filed for both accidental and occupational disease cases.

I respectfully suggest that the legislature may wish to clarify the statute by stating, in separate sentences or provisions, the limitation period or periods within which to file claims for an injury that causes a worker to die on the date of the accident, for deaths that occur as a result of the accident but not on the date of the accident and for deaths arising from occupational diseases.

For the foregoing reasons, I respectfully concur.